**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of New York**

(State)

Case number *(if known):* _____    Chapter **11**

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. **Debtor's Name** | **Answers Holdings, Inc.** | |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Answers.com, Multiply, and Multiply Media** | |
| 3. **Debtor's federal Employer Identification Number** (EIN) | **46-4314504** | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **6665 Delmar Boulevard, Suite 3000** | |
| Number        Street | Number        Street |
| | P.O. Box |
| **St. Louis, Missouri 63130** | |
| City              State      Zip Code | City              State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **St. Louis County** | |
| County | Number        Street |
| | |
| | City              State      Zip Code |

5. **Debtor's website** (URL)    _____

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor _____Answers Holdings, Inc._____    Case number *(if known)* _____
      Name

---

**7.  Describe debtor's business**

    A.  *Check One:*

    ☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

    ☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

    ☐  Railroad (as defined in 11 U.S.C. § 101(44))

    ☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

    ☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

    ☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

    ☒  None of the above

---

    B.  *Check all that apply:*

    ☐  Tax-exempt entity (as described in 26 U.S.C. § 501)

    ☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

    ☐  Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

    C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
    http://www.uscourts.gov/four-digit-national-association-naics-codes .
    **5111**

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

    *Check One:*

    ☐  Chapter 7

    ☐  Chapter 9

    ☒  Chapter 11.  *Check all that apply:*

        ☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

        ☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ☒  A plan is being filed with this petition.

        ☒  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

        ☐  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

        ☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ☐  Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

    ☒  No
    ☐  Yes.    District _____  When _____  Case number _____
                               MM/DD/YYYY
          District _____  When _____  Case number _____
                               MM/DD/YYYY

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

    ☐  No
    ☒  Yes.    Debtor    **See Rider 1**    Relationship    **Affiliate**

          District    **Southern District of New York**    When    **March 3, 2017**
                                                  MM / DD / YYYY

          Case number, if known _____

---

Debtor    Answers Holdings, Inc.                                    Case number *(if known)*
        Name

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No.

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| Number | Street |
| --- | --- |

| City | State | Zip Code |
| --- | --- | --- |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☒ $50,000,001-$100 million
☒ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| Debtor | Answers Holdings, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **March 3, 2017**
MM/ DD / YYYY

✗ _____
Signature of authorized representative of debtor

Justin P. Schmaltz
Printed name

Title    **Chief Restructuring Officer**

**18. Signature of attorney**

✗    _/s/ Christopher T. Greco_          Date    **March 3, 2017**
Signature of attorney for debtor                    MM/ DD/YYYY

**Christopher T. Greco**
Printed name

**Kirkland & Ellis LLP**
Firm name

**601 Lexington Avenue**
Number                    Street

**New York**
City

**New York**      **10022**
State          ZIP Code

**(212) 446-4800**
Contact phone

christopher.greco@kirkland.com
Email address

**4580940**                **New York**
Bar number                State

| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the :

**Southern District of New York**
_____
(State)

Case number *(if known)*: _____    Chapter **11**____

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Answers Holdings, Inc.

- Answers Holdings, Inc.
- Answers Corporation
- Easy2 Technologies, Inc.
- ForeSee Results, Inc.
- ForeSee Session Replay, Inc.
- More Corn, LLC
- Multiply Media, LLC
- Redcan, LLC
- RSR Acquisition, LLC
- Upbolt, LLC
- Webcollage Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ANSWERS HOLDINGS, INC., | ) | Case No. 17-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Answers Holdings, Inc. | Clarity Holdco, L.P. | 6665 Delmar Boulevard, Suite 3000 St. Louis, Missouri 63130 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ANSWERS HOLDINGS, INC., | ) Case No. 17-[_____] (____) |
| | ) |
| Debtor. | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Clarity Holdco, L.P. | 100% |

**Fill in this information to identify the case:**

Debtor name        Answers Holdings, Inc., *et al.*

United States Bankruptcy Court for the:        Southern District of New York

Case number *(If known)*:        17-_____                    (State)

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | Yahoo, Inc. | Yahoo, Inc.<br>Attn: Mike Simon<br>14010 FNB Parkway<br>Omaha, NE 68154<br>Tel: 207-272-7213<br>mjsimon@yahoo-inc.com | Trade Payable | | | | $545,209.34 |
| 2 | Taboola, Inc. | Taboola, Inc.<br>28 West 23Rd Street<br>New York, NY 10010 | Trade Payable | | | | $411,754.97 |
| 3 | Facebook | Facebook<br>Attn: Colin S. Stretch<br>1601 Willow Road<br>Mento Park, CA 94025<br>Tel: 650-618-7714<br>Fax: 302-636-5454<br>info@facebook.com | Trade Payable | | | | $295,000.00 |

Debtor    Answers Holdings, Inc., *et al.*        Case Number (if known)
      Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4 | Don Morrison | Attn: Don Morrison 30768 Sudbury Court Farmington Hills, MI 48331 | Severance | | | | $217,000.00 |
| 5 | Amazon Web Services, Inc. | Amazon Web Services, Inc. Attn: Adam Perkins 410 Terry Ave. North Seattle, WA 98109 Tel: 206-413-4527 adperkins@amazon.com | Trade Payable | | | | $200,000.00 |
| 6 | Interior Investments Of St. Louis | Interior Investments Of St. Louis Attn: Elizabeth Zucker 9 Sunnen Dr. Suite 100 St. Louis, MO 63143 Tel: 314-300-5930 Fax: 314-644-5007 ezucker@interiorinvestments.com | Trade Payable | | | | $123,299.14 |
| 7 | Wescomm Technologies, Inc. | Wescomm Technologies, Inc. Attn: Wesley Kasperski 15091 Champaign Road Allen Park, MI 48101 Tel: 888-793-7266 info@wescommtech.com | Trade Payable | | | | $115,150.99 |
| 8 | American Express | American Express P.O. Box 360001 Ft. Lauderdale, FL 33336 Tel: 800-528-4800 | Trade Payable | | | | $112,173.86 |
| 9 | Silicon Valley Bank | Silicon Valley Bank Attn: Michael Zuckert 260 North Charles Linberg Dr. Salt Lake City, UT 84116 | Trade Payable | | | | $111,327.57 |

Debtor ___Answers Holdings, Inc., *et al.*___     Case Number (if known) _____
                Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | Comscore Networks Inc. | Comscore Networks Inc. 14140 Collections Center Drive Chicago, IL 10018 | Trade Payable | | | | $109,438.98 |
| 11 | Seduka | Seduka 462 Seventh Avenue New York, NY 10018 Tel: 212-719-5500 | Security Deposit | | | | $104,000.00 |
| 12 | Techmarq Consultancy | Techmarq Consultancy BvReduitlaan 33Breda, Netherlands 4814DCTel: +31(0) 76 7630831 info@techmarq.eu | Trade Payable | | | | $100,000.00 |
| 13 | Magnet4 | Magnet4 1806 Woodfield Rd Martinsville, NJ 08836 | Trade Payable | | | | $91,825.00 |
| 14 | XO Communications | XO Communications Attn: Navid Haghighi 13865 Sunrise Valley Dr. Herndon, VA 20171 Tel: 703- 547-2000 | Trade Payable | | | | $91,043.58 |
| 15 | Cushman And Wakefield | Cushman And Wakefield 55 Westport Plaza, Ste 600 St. Louis, MO 63146 | Trade Payable | | | | $80,888.84 |

Debtor    Answers Holdings, Inc., *et al.*    Case Number (if known) _____
           Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | Jinlin Wang | Attn: Jinlin Wang 30 Maynard Way Los Altos, CA 94022 Tel: 650-996-7318 jinlin.wang@gmail.com | Severance | | | | $77,511.31 |
| 17 | Suntrust Bank | Suntrust Bank Attn: Raymond D. Fortin 245 Peachtree Center Ave. Atlanta, GA 30303 Tel: 404-479-4936 Fax: 404-524-1085 | Trade Payable | | | | $66,740.32 |
| 18 | Moody's Investors Service, Inc | Moody's Investors Service, Inc Attn: Michel Madelain 7 World Trade Center 250 Greenwich Street Tel: 404-524-1085 | Trade Payable | | | | $65,000.00 |
| 19 | Intercontinental Capital Group | Intercontinental Capital Group 50 Jericho Quadrangle, Ste 210 Jericho, NY 11753 | Security Deposit | | | | $62,842.50 |
| 20 | Datapipe | Datapipe Attn: Bruce Katz P.O. Box 36477 Newark, NJ 07188 Tel: 877-773-3306 | Trade Payable | | | | $56,445.08 |
| 21 | Google, Inc. | Google, Inc. Attn: Bill Crawford & Kent Walker 1600 Amphitheatre Pkwy Mountain View, CA 94043 Tel: 650-253-0000 Fax: 302-636-5454 Billcrawford@Google.com | Trade Payable | | | | $55,000.00 |

Debtor    Answers Holdings, Inc., *et al.*                    Case Number (if known)
_____
Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | Oxford Property Management | Oxford Property Management 210 S. Fifth Avenue Ann Arbor, MI 48104 | Trade Payable | | | | $41,500.00 |
| 23 | Verascape, Inc. | Verascape, Inc. 155 W. Central Road Schaumburg, IL 60195 | Trade Payable | | | | $40,717.40 |
| 24 | Lucid Holdings, LLC | Lucid Holdings, LLC 365 Canal Street New Orleans, LA 70130 | Trade Payable | | | | $33,600.00 |
| 25 | Zarin Consulting, LLC | Zarin Consulting, LLC 20 Washington Terrace St. Louis, MO 63112 | Trade Payable | | | | $30,790.20 |
| 26 | Treats, Inc. | Treats, Inc. P.O. Box 14806 Tallahassee, FL 32317 | Trade Payable | | | | $21,000.00 |
| 27 | SB/LPC 7777 Bonhomme LLC | SB/LPC 7777 Bonhomme LLC Attn: P.O. Box 736 Bedford Park, IL 60499 | Trade Payable | | | | $15,200.58 |

Debtor    Answers Holdings, Inc., *et al.*                    Case Number (if known)
          Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 | Adobe Systems, Inc. | Adobe Systems, Inc. 75 Remittance Drive, Suite 1025 Chicago, IL 60675 | Trade Payable | | | | $15,000.00 |
| 29 | Zoom Information Inc | Zoom Information Inc 307 Waverly Oaks Rd., Suite 405 Waltham, MA 02452 | Trade Payable | | | | $14,877.00 |
| 30 | Path to Scale LLC | Path to Scale LLC 1170 Alter Way Broomfield, CO 80020 | Trade Payable | | | | $14,400.00 |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Answers Holdings, Inc.** |
| United States Bankruptcy Court for the: | **Southern District of New York** |
| | (State) |
| Case number (If known): | |

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____ **List of Equity Security Holders, Corporate Ownership Statement and List of Creditors Who Have the 30 Largest Unsecured Claims**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**March 3, 2017**                    ☒
MM/ DD/YYYY                       Signature of individual signing on behalf of debtor

                                 **Justin P. Schmaltz**
                                 Printed name

                                 **Chief Restructuring Officer**
                                 Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**Answers Holdings, Inc. and Certain of Its Domestic Direct and Indirect Subsidiaries**
Board of Directors – Minutes of Telephonic Joint Meeting
March 3, 2017, 8:30 a.m. Prevailing Eastern Time

**Board Members in Attendance:**

Gene Davis (Independent Director)
Neal Goldman (Independent Director)
Brian Mulligan

**Also attending, by invitation of the Board:**

- **Kirkland & Ellis LLP ("K&E"):**  Christopher Greco, Anthony Grossi, and John Weber

- **Rothschild & Inc. ("Rothschild"):**  Stephen Antinelli, and Matthew Chou

- **Alvarez & Marsal North America, LLC ("A&M"):**  Justin P. Schmaltz (CRO)

A joint meeting of the boards of directors (the "Board") of each of the following:

Answers Holdings, Inc.; Answers Corporation; Easy2 Technologies, Inc.; ForeSee Results, Inc.; ForeSee Session Replay, Inc.; and Webcollage Inc.; (each, a "Company" and, collectively, the "Companies") was held telephonically at 8:30 a.m. prevailing Eastern Time on March 3, 2017 to seek the Board's approval and authorization for each Company to file or cause to be filed voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  The above Board members were present, accompanied by the additional participants from K&E, Rothschild, and A&M.  There being a quorum present, the meeting was called to order.  Mr. Mulligan acted as Secretary of the meeting.

I.     **Call to Order.**  Mr. Mulligan called the meeting to order.

II.     **Chapter 11 Cases Commencement.**  Mr. Greco, with the assistance of the materials prepared for the Board (the "Board Materials") provided an overview of the solicitation of each Company's chapter 11 plan, the potential Chapter 11 Cases, and the potential Chapter 11 Cases' impact on each Company and its creditors and stakeholders.  Questions were asked and answered.  Mr. Greco asked the Board to consider a motion to authorize the commencement of the Chapter 11 Cases (the "Filing Motion").  Mr. Davis made the Filing Motion and Mr. Goldman seconded it. Consistent with and in accordance with the resolutions of the Board adopted on October 14, 2016, each of Mr. Davis, Mr. Goldman, and Mr. Mulligan voted to authorize the Filing Motion as set forth in the resolutions attached hereto as Schedule 1.

III.     **Chapter 11 Cases Commencement (Certain Wholly-Owned Subsidiaries of Answers Corporation).**  Mr. Greco, with the assistance of the Board Materials, provided the Board of Answers Corporation, as the authorizing body of the managing

member of each of More Corn, LLC, Multiply Media, LLC, Redcan, LLC, RSR Acquisition, LLC, and Upbolt, LLC (collectively, the "<u>Answers LLC Subsidiaries</u>" and each, an "<u>Answers LLC Subsidiary</u>"), an overview of the solicitation of each Answers LLC Subsidiary's chapter 11 plan, the potential voluntary petitions for relief by each of the Answers LLC Subsidiaries under the Bankruptcy Code in the Bankruptcy Court (the "<u>LLC Chapter 11 Cases</u>"), and the potential impact on each Answers LLC Subsidiary and its creditors and stakeholders.   Mr. Greco asked the Board to consider a motion to authorize Answers Corporation, in its capacity as the managing member of the Answers LLC Subsidiaries, to cause the commencement of the LLC Chapter 11 Cases by each of the Answers LLC Subsidiaries (the "<u>LLC Filing Motion</u>").  Mr. Davis made the LLC Filing Motion and Mr. Goldman seconded it.  Consistent with and in accordance with the resolutions of the Board adopted on October 14, 2016, each of Mr. Davis, Mr. Goldman, and Mr. Mulligan voted to authorize the LLC Filing Motion as set forth in the resolutions attached hereto as <u>Schedule 2</u>.

IV.   **Adjournment**.   Without further business to discuss, on a motion duly made and seconded, the meeting was adjourned at approximately 8:45 a.m. prevailing Eastern Time

Dated as of March 3, 2017

_____
Brian Mulligan

## SCHEDULE 1

### OMNIBUS RESOLUTIONS OF THE BOARDS OF DIRECTORS OF ANSWERS HOLDINGS, INC. AND
### CERTAIN OF ITS DOMESTIC DIRECT AND INDIRECT SUBSIDIARIES

March 3, 2017

After discussion and motions duly made and seconded by the boards of directors (the "Board"), of each of the following:

Answers Holdings, Inc., Answers Corporation, Easy2 Technologies, Inc., ForeSee Results, Inc., ForeSee Session Replay, Inc., and Webcollage Inc.

(each, a "Company" and, collectively, the "Companies"), the Board took the following actions and adopted the following resolutions consistent with and in accordance with the resolutions adopted by the Board on October 14, 2016:

**Chapter 11 Filing**

WHEREAS, the respective Board of each Company has considered presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to them and the effect of the foregoing on such Company's business; and

WHEREAS, the respective Board of each Company has had the opportunity to consult with the management and the financial and legal advisors of such Company and fully consider each of the strategic alternatives available to such Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the respective Board of each Company, it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to file or cause to be filed voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

RESOLVED, that Justin P. Schmaltz, in his capacity as Chief Restructuring Officer of each Company (the "Authorized Signatory"), acting alone or with one or more other authorized signatories be, and hereby is, authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that he deems necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

**Retention of Professionals**

RESOLVED, that the Authorized Signatory be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

RESOLVED, that the Authorized Signatory be, and hereby is, authorized and directed to employ the firm Rothschild, Inc. as investment banker to, among other things, assist each Company in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by its Board, creditors, or other third parties, as requested by each Company, evaluating such Company's capital structure, responding to issues related to such Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of such Company's assets; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Rothschild, Inc.

RESOLVED, that the Authorized Signatory be, and hereby is, authorized and directed to employ the firm Alvarez & Marsal North America, LLC ("A&M") as restructuring advisor to, among other things, assist each Company in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by its Board, creditors, or other third parties, as requested by each Company, evaluating such Company's capital structure, responding to issues related to such Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of such Company's assets; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&M.

RESOLVED, that the Authorized Signatory be, and hereby is, authorized and directed to employ the firm of Rust Consulting/Omni Bankruptcy ("Omni") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Omni.

RESOLVED, that the Authorized Signatory be, and hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under

the Bankruptcy Code; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that the Authorized Signatory be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that the Authorized Signatory deems necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of each such case.

**Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection**

RESOLVED, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to:

(a) that certain Credit Agreement, dated as of October 3, 2014 (the "First Lien Credit Agreement"), as amended, modified, or supplemented, and in effect immediately prior to March 3, 2017 (the "Petition Date"), among Answers Corporation, as borrower (the "Borrower"), Answers Holdings, Inc. and certain of the Borrower's subsidiaries as guarantors (collectively, the "Guarantors"), and Credit Suisse AG, Cayman Islands Branch as administrative agent and collateral agent (the "Agent"), and the lenders that are parties thereto from time to time; and

(b) that certain Second Lien Credit Agreement dated as of October 22, 2014 (the "Second Lien Term Loan") as amended, modified, or supplemented, and in effect immediately prior to the Petition Date, among the Borrower as borrower, the Guarantors as guarantors, the Agent, as administrative agent, and the lenders that are parties thereto from time to time.

RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim DIP Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, the Authorized Signatory be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or

3

documents to which such Company is or will be a party, including, but not limited to any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the respective Board of each Company, with such changes, additions, and modifications thereto as the Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by the Authorized Signatory's execution and delivery thereof.

RESOLVED, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "Adequate Protection Transactions").

RESOLVED, that the Authorized Signatory be, and hereby is, authorized and directed, and empowered in the name of, and on behalf of, each Company, as debtor and debtor in possession, to take such actions as in his discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document.

RESOLVED, that the Authorized Signatory be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the Agent to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of each Company that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the Interim DIP Order.

RESOLVED, that the Authorized Signatory be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of such Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which

4

shall in his sole judgment be necessary, proper, or advisable to perform any of such Company's obligations under or in connection with the Interim DIP Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatory, the Authorized Signatory (and his designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in the Authorized Signatory's (or his designees' or delegates') judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the respective Board of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the respective Board of each Company.

RESOLVED, that the Authorized Signatory (and his designees and delegates) be, and hereby is, authorized and empowered to take all actions, or to not take any action in the name of each Company, with respect to the transactions contemplated by these resolutions hereunder, as the Authorized Signatory shall deem necessary or desirable in the Authorized Signatory's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

## SCHEDULE 2

**RESOLUTIONS OF THE BOARD OF DIRECTORS OF ANSWERS CORPORATION**

March 3, 2017

After discussion and motions duly made and seconded by the board of directors (the "Board") of Answers Corporation (the "Company"), the Board took the following actions and adopted the following resolutions consistent with and in accordance with the resolutions adopted by the Board on October 14, 2016:

**Chapter 11 Filing**

WHEREAS, the Company is the managing member of each of More Corn, LLC, a Delaware limited liability company ("More Corn"), Multiply Media, LLC, a Delaware limited liability company ("Multiply Media"), Redcan, LLC, a California limited liability company ("Redcan"), RSR Acquisition, LLC, a Delaware limited liability company ("RSR"), and Upbolt, LLC, a Delaware limited liability company ("Upbolt" and together with More Corn, Multiply Media, Redcan, and RSR, collectively, the "Answers LLC Subsidiaries, and each an "Answers LLC Subsidiary");

WHEREAS, in its capacity as the authorizing body of the managing member of each of the Answers LLC Subsidiaries, the Board has considered presentations by the management and the financial and legal advisors of each of the Answers LLC Subsidiaries regarding the liabilities and liquidity situation of each of the Answers LLC Subsidiaries, the strategic alternatives available to them and the effect of the foregoing on such Answers LLC Subsidiaries' business; and

WHEREAS, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Answers LLC Subsidiaries and fully consider each of the strategic alternatives available to the Answers LLC Subsidiaries.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, as the sole member and managing member of the Answers LLC Subsidiaries, that the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to cause each of the Answers LLC Subsidiaries to file or cause to be filed voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

RESOLVED, that the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to authorize, empower and direct Justin P. Schmaltz, in his capacity as Chief Restructuring Officer of each of the Answers LLC Subsidiaries (the "Authorized Signatory"), acting alone or with one or more other authorized signatories, to execute and file on behalf of each of the Answers

LLC Subsidiaries all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that he deems necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each of the Answers LLC Subsidiaries' business.

**Retention of Professionals**

RESOLVED, that the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to authorize, empower and direct the Authorized Signatory to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Answers LLC Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Answers LLC Subsidiary's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

RESOLVED, the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to authorize, empower and direct the Authorized Signatory to employ the firm Rothschild, Inc. as investment banker to, among other things, assist each Answers LLC Subsidiary in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by the Company in its capacity as managing member of such Answers LLC Subsidiary, creditors, or other third parties, as requested by each Answers LLC Subsidiary, evaluating such Answers LLC Subsidiary's capital structure, responding to issues related to such Answers LLC Subsidiary's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of such Answers LLC Subsidiary's assets; and in connection therewith, the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to authorize, empower and direct the Authorized Signatory, with power of delegation, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Rothschild, Inc.

RESOLVED, that the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to authorize, empower and direct the Authorized Signatory to employ the firm Alvarez & Marsal North America, LLC ("A&M") as restructuring advisor to, among other things, assist each Answers LLC Subsidiary in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by the Company in its capacity as managing member of such Answers LLC Subsidiary, creditors, or other third parties, as requested by each Answers LLC Subsidiary, evaluating such Answers LLC Subsidiary's capital structure, responding to issues related to such Answers LLC Subsidiary's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of such Answers LLC Subsidiary's assets; and in connection therewith, the Company shall

be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to authorize, empower and direct the Authorized Signatory, with power of delegation, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&M.

RESOLVED, that the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to authorize, empower and direct the Authorized Signatory to employ the firm of Rust Consulting/Omni Bankruptcy ("Omni") as notice and claims agent to represent and assist each Answers LLC Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Answers LLC Subsidiary's rights and obligations; and in connection therewith, the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to authorize, empower and direct the Authorized Signatory, with power of delegation, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Omni.

RESOLVED, that the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to authorize and direct the Authorized Signatory to employ any other professionals to assist each Answers LLC Subsidiary in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to authorize and direct the Authorized Signatory, with power of delegation, to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to authorize, empower and direct the Authorized Signatory, with power of delegation, to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that the Authorized Signatory deems necessary, proper, or desirable in connection with each Answers LLC Subsidiary's Chapter 11 Case, with a view to the successful prosecution of each such case.

**Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection**

RESOLVED, that in the judgment of the Board, acting as the authorizing body of the managing member of the Answers LLC Subsidiaries, each Answers LLC Subsidiary will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to:

(a) that certain Credit Agreement, dated as of October 3, 2014 (the "First Lien Credit Agreement"), as amended, modified, or supplemented, and in effect immediately prior to March 3, 2017 (the "Petition Date"), among the Company, as borrower, Answers Holdings, Inc. and certain of the Company's subsidiaries as guarantors (collectively, the "Guarantors"), and Credit Suisse AG, Cayman Islands Branch as administrative agent and collateral agent (the "Agent"), and the lenders that are parties thereto from time to time; and

(b) that certain Second Lien Credit Agreement dated as of October 22, 2014 (the "Second Lien Term Loan") as amended, modified, or supplemented, and in effect immediately prior to the Petition Date, among the Company as borrower, the Guarantors as guarantors, the Agent, as administrative agent, and the lenders that are parties thereto from time to time.

RESOLVED, that the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to cause each Answers LLC Subsidiary, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, to provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim DIP Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to (a) authorize, adopt and approve (i) the form, terms, and provisions of the Interim DIP Order to which each Answers LLC Subsidiary is or will be subject, and (ii) the actions and transactions contemplated thereby; and (b) authorize and empower the Authorized Signatory, in the name of and on behalf of each Answers LLC Subsidiary, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such Answers LLC Subsidiary is or will be a party, including, but not limited to any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Company as the managing member of such Answers LLC Subsidiary, with such changes, additions, and modifications thereto as the Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by the Authorized Signatory's execution and delivery thereof.

RESOLVED, that the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to authorize each Answers LLC Company, as debtor and debtor in possession under the Bankruptcy Code to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "Adequate Protection Transactions").

RESOLVED, that the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to authorize and direct the Authorized Signatory, and empower such Authorized Signatory in the name of, and on behalf of, each Answers LLC Subsidiary, as debtor and debtor in possession, to take such actions as in his discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document.

RESOLVED, that the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to authorize, direct and empower in the name of, and on behalf of, each Answers LLC Subsidiary, the Authorized Signatory to file or to authorize the Agent to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of each Answers LLC Subsidiary that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Answers LLC Subsidiary and such other filings in respect of intellectual and other property of each Answers LLC Subsidiary, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the Interim DIP Order.

RESOLVED, that the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to authorize, direct and empower in the name of, and on behalf of, each Answers LLC Subsidiary the Authorized Signatory to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of such Answers LLC Subsidiary in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in his sole judgment be necessary, proper, or advisable to perform any of such Answers LLC Subsidiary's obligations under or in connection with the Interim DIP Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**General**

RESOLVED, that the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to, in addition to the

specific authorizations conferred upon the Authorized Signatory, authorize and empower, in the name of and on behalf of each Answers LLC Subsidiary, the Authorized Signatory (and his designees and delegates) to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in the Authorized Signatory's (or his designees' or delegates') judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted by the Company acting in its capacity as the managing member of each Answers LLC Subsidiary.

RESOLVED, that the Company shall be, and hereby is, authorized, in its capacity as managing member of each of the Answers LLC Subsidiaries, to authorize and empower the Authorized Signatory (and his designees and delegates) to take all actions, or to not take any action in the name of each Answers LLC Subsidiary, with respect to the transactions contemplated by these resolutions hereunder, as the Authorized Signatory shall deem necessary or desirable in the Authorized Signatory's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

RESOLVED, that the Board of the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice.

RESOLVED, that the officers of the Company (each, an "Authorized Officer," and collectively, the "Authorized Officers") be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to do any and all acts and things and to sign, seal, execute, acknowledge, file, record and deliver all agreements, papers, instruments, documents and certificates and to pay all charges, fees, taxes and other expenses, from time to time necessary, desirable or appropriate to be done, signed, sealed, executed, acknowledged, filed, recorded, delivered or paid, under any applicable law or otherwise, and to certify as having been adopted by the Board by any form of resolution required by any law, regulation or agency necessary, advisable or appropriate to effectuate the purpose and intent of the foregoing resolutions or any of them, and any of the agreements related hereto and the transactions contemplated thereby, and such other agreements and documents as may be executed by any Authorized Officer pursuant to authorization granted in the foregoing resolutions or to carry out the transactions contemplated hereby and thereby.

RESOLVED, that any and all acts, transactions, agreements or certificates previously signed or otherwise entered into on behalf of the Company by any Authorized Officer or by any employees or agents of the Company in connection with or in furtherance of the foregoing resolutions be, and they hereby are, in all respects approved, ratified and confirmed as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Board and that such person did execute the same.