James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
Christopher T. Greco
Anthony R. Grossi
John T. Weber
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Melissa N. Koss
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
555 California Street
San Francisco, California 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ANSWERS HOLDINGS, INC., | ) | Case No. 17-10496 (SMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-4314504 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ANSWERS CORPORATION, | ) | Case No. 17-10498 (SMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 98-0202855 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASY2 TECHNOLOGIES, INC., | ) | Case No. 17-10498 (SMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 31-1682839 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FORESEE RESULTS, INC., | ) | Case No. 17-10500 (SMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 38-3623125 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FORESEE SESSION REPLAY, INC., | ) | Case No. 17-10501 (SMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-3322593 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MORE CORN, LLC, | ) | Case No. 17-10502 (SMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-4416193 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MULTIPLY MEDIA, LLC, | ) | Case No. 17-10503 (SMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-4668974 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| REDCAN, LLC, | ) | Case No. 17-10504 (SMB) |
| Debtor. | ) | |
| Tax I.D. No. 47-4407344 | ) | |
| In re: | ) | Chapter 11 |
| RSR ACQUISITION, LLC, | ) | Case No. 17-10506 (SMB) |
| Debtor. | ) | |
| Tax I.D. No. 45-5592256 | ) | |
| In re: | ) | Chapter 11 |
| UPBOLT, LLC, | ) | Case No. 17-10507 (SMB) |
| Debtor. | ) | |
| Tax I.D. No. 31-1682839 | ) | |
| In re: | ) | Chapter 11 |
| WEBCOLLAGE INC., | ) | Case No. 17-10495 (SMB) |
| Debtor. | ) | |
| Tax I.D. No. 98-0217771 | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") respectfully state as follows in support of this motion (this "***Motion***"):

3

**Relief Requested**

1.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "*Order*"), directing procedural consolidation and joint administration of these chapter 11 cases and granting related relief. Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of New York (the "*Court*") maintain one file and one docket for all of the jointly-administered cases under the case of Answers Holdings, Inc., and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ANSWERS HOLDINGS, INC., *et al.*,[1] | ) | Case No. 17-10496 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

2.      The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "*Bankruptcy Code*").

3.      The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtor's cases other than the case of Answers Holdings, Inc.:

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771). The location of Debtor Webcollage Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is:  11 Times Square, 11th Floor, New York, New York 10018.

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Answers Holdings, Inc.; Answers Corporation; Easy2 Technologies, Inc.; ForeSee Results, Inc.; ForeSee Session Replay, Inc.; More Corn, LLC; Multiply Media, LLC; Redcan, LLC; RSR Acquisition, LLC; Upbolt, LLC; and Webcollage Inc.  All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 17-10496 (SMB).

4. The Debtors also seek authority to file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee for the Southern District of New York (the "*U.S. Trustee*"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

### Jurisdiction and Venue

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

7. The statutory bases for the relief requested herein are section 105(a) of title 11 of the Bankruptcy Code, Rule 1015(b) of the Bankruptcy Rules, and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "*Local Bankruptcy Rules*").

5

**Background**[2]

8. The Debtors are leading global providers of high quality internet content and cloud-based customer solutions, operating in three divisions: (a) "*Multiply*;" (b) "*ForeSee*;" and (c) "*Webcollage*" (collectively, the "*Company*"). The Company also has shared services departments, which perform certain finance, legal, human resource, and administrative support functions for all of the Company's operating units. Multiply is an online content publisher that leverages relationships with Facebook, Inc., Yahoo! Inc., celebrities, and other partners to acquire traffic to owned and partner websites and generate advertising revenue from Google, Inc. and other partners. ForeSee measures end customer/user satisfaction for its customers, which allows it to deliver insights on where its customers should prioritize improvements in their own customers' experiences. Webcollage is the leading cloud-based platform for managing and publishing rich product information for syndication to retail partners' e-commerce websites.

9. Prior to date hereof (the "*Petition Date*"), the Debtors commenced the solicitation of votes by the Debtors' prepetition first lien lenders and the Debtors' prepetition second lien lenders, the only voting classes of creditors with respect to the *Joint Prepackaged Chapter 11 Plan of Reorganization for Answers Holdings, Inc. and Its Debtor Affiliates* (as amended, supplemented, or otherwise modified from time to time, the "*Plan*"), filed contemporaneously herewith. As of March 2, 2017, holders of approximately 98% in amount of first lien claims against the Debtors and holders of approximately 98% in amount of second lien claims against the Debtors voted to accept the Plan. The Plan, which has the support of the overwhelming majority of the holders of the Debtors' funded indebtedness, contemplates the Company's

---

[2] A description of the Debtors' businesses, the reasons for commencing these chapter 11 cases, the relief sought from the Court to allow for a smooth transition into chapter 11, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Justin P. Schmaltz, Chief Restructuring Officer, in Support of Chapter 11 Petitions and First Day Motions* (the "*First Day Declaration*"), filed contemporaneously herewith.

6

restructuring through a debt-to-equity conversion of a substantial majority of the Debtors' funded debt obligations. Implementation of the restructuring transactions contemplated by the Plan will enable the Debtors to de-lever their balance sheet by more than $471.4 million[3]—***over 86%*** of their funded debt obligations—and position their businesses for stability and success after emergence from bankruptcy. Notably, all allowed general unsecured claims will remain unimpaired under the Plan.

10. On the Petition Date, each of the Debtors filed a petition for reorganization under chapter 11 of the Bankruptcy Code with the Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committees have been appointed under section 1102 of the Bankruptcy Code.

## Basis for Relief

11. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. Moreover, Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

12. As set forth in the First Day Declaration, the eleven Debtors in these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. The Debtors also share significant debt obligations that they seek to restructure as part of these

---

[3] Inclusive of $7.4 million of secured swap settlement amounts that are discussed more fully in the First Day Declaration.

7

chapter 11 cases. Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorize the Court to grant the relief requested herein.

13. Furthermore, and as more fully described in the First Day Declaration, the Debtors operate as an integrated business with common ownership and control. Debtor Answers Holdings, Inc. is the direct or indirect owner of the ten other Debtor entities. Additionally, each of the eleven affiliated Debtor entities are directly liable for, or a guarantor of, the approximately $547 million in outstanding secured funded debt obligations that the Debtors seek to restructure as part of these chapter 11 cases. As a result, many of the motions, hearings, and orders that will arise in these cases will affect each and every Debtor.

14. Moreover, joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings, objections and hearings, and will also allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency. Additionally, joint administration will not adversely affect the Debtors' respective constituencies because the motion requests only administrative, not substantive, consolidation of the Debtors' estates. For example, any creditor may still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates), intercompany claims among the Debtors will be preserved, and the Debtors will maintain separate records of assets and liabilities.

15. Parties in interest will therefore not be harmed by the relief requested, but, instead, will benefit from the cost savings associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

16. Joint administration of interrelated chapter 11 cases is routinely approved by courts in this jurisdiction under similar circumstances and is generally non-controversial.

*See, e.g.*, *In re Breitburn Energy Partners LP*, Case No. 16-11390 (SMB) (Bankr. S.D.N.Y. May 6, 2016); *In re Aeropostale, Inc.,* Case No. 16-11275 (SHL) (Bankr. S.D.N.Y. May 4, 2016); *In re Fairway Grp. Holdings Corp.*, Case No. 16-11241 (MEW) (Bankr. S.D.N.Y. May 3, 2016); *In re Sabine Oil & Gas Corp.*, Case No. 15-11835 (SCC) (Bankr. S.D.N.Y. July 16, 2015); *In re Chassix Holdings, Inc.*, Case No. 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 2, 2015); and *In re NII Holdings, Inc.*, Case No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014).[4]

**Motion Practice**

17.     This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this motion.  Moreover, in addition to all entities otherwise entitled to receive notice, the Debtors have given notice of this Motion to all entities believed to have or be claiming an interest in the subject matter of the proposed order or who, it is believed, otherwise would be affected by the proposed order.  Accordingly, the Debtors submit that this motion satisfies Local Bankruptcy Rule 9013-1(a).

**Reservation of Rights**

18.     Nothing contained herein is intended, or should be construed, as an admission as to the validity or priority of any claim against the Debtors, a waiver of the Debtors' rights to object to or dispute any claim or its priority, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their right to contest any claim (or the priority) related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

9

intended to be nor should it be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim or priority.

### Notice

19.     The Debtors have provided notice of this Motion to: (a) the United States Trustee for Region 2; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the agent under the Debtors' prepetition first lien credit facility; (d) counsel to the ad hoc group of holders of certain first lien debt; (e) counsel to the agent under the second lien credit facility; (f) counsel to the ad hoc group of holders of certain second lien debt; (g) counsel to the prepetition majority equity holders; (h) the United States Attorney for the Southern District of New York; (i) the United States Securities and Exchange Commission; (j) the state attorneys general for each state in which the Debtors conduct business; (k) the Internal Revenue Service; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### No Prior Request

20.     No prior request for the relief sought in the Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the Debtors respectfully request entry of an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated: March 3, 2017 | */s/ Christopher T. Greco*<br>James H.M. Sprayregen, P.C.<br>Jonathan S. Henes, P.C.<br>Christopher T. Greco<br>Anthony R. Grossi<br>John T. Weber<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br><br>- and -<br><br>Melissa N. Koss<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>555 California Street<br>San Francisco, California 94104<br>Telephone:   (415) 439-1400<br>Facsimile:    (415) 439-1500<br><br>*Proposed Counsel to the Debtors*<br>*and Debtors in Possession* |

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ANSWERS HOLDINGS, INC., | ) | Case No. 17-10496 (SMB) |
| Debtor. | ) | |
| Tax I.D. No. 46-4314504 | ) | |
| In re: | ) | Chapter 11 |
| ANSWERS CORPORATION, | ) | Case No. 17-10497 (SMB) |
| Debtor. | ) | |
| Tax I.D. No. 98-0202855 | ) | |
| In re: | ) | Chapter 11 |
| EASY2 TECHNOLOGIES, INC., | ) | Case No. 17-10498 (SMB) |
| Debtor. | ) | |
| Tax I.D. No. 31-1682839 | ) | |
| In re: | ) | Chapter 11 |
| FORESEE RESULTS, INC., | ) | Case No. 17-10500 (SMB) |
| Debtor. | ) | |
| Tax I.D. No. 38-3623125 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORESEE SESSION REPLAY, INC., | ) | Case No. 17-10501 (SMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-3322593 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MORE CORN, LLC, | ) | Case No. 17-10502 (SMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-4416193 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MULTIPLY MEDIA, LLC, | ) | Case No. 17-10503 (SMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-4668974 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| REDCAN, LLC, | ) | Case No. 17-10504 (SMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-4407344 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| RSR ACQUISITION, LLC, | ) | Case No. 17-10506 (SMB) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-5592256 | ) | |

| | |
|---|---|
| In re: | Chapter 11 |
| UPBOLT, LLC, | Case No. 17-10507 (SMB) |
| Debtor. | |
| Tax I.D. No. 31-1682839 | |
| In re: | Chapter 11 |
| WEBCOLLAGE INC., | Case No. 17-10495 (SMB) |
| Debtor. | |
| Tax I.D. No. 98-0217771 | |

**ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS'
CHAPTER 11 CASES**

Upon the motion (the "*Motion*")[1] of the above-captioned debtors and debtors in possession (collectively, the "*Debtors*") for entry of an order pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b) directing the joint administration of the Debtors' related chapter 11 cases; all as more fully set forth in the Motion; and upon the First Day Declaration, and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the

---

[1] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors provided adequate notice of the Motion and the opportunity for a hearing under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "*Hearing*"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 17-10496 (SMB).

3. The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | ) | Chapter 11 |
|---|---|---|
| | ) | |
| ANSWERS HOLDINGS, INC., *et al.*,[1] | ) | Case No. 17-10496 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771). The location of Debtor Webcollage Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is: 11 Times Square, 11th Floor, New York, New York 10018.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Answers Holdings, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Answers Holdings, Inc.; Answers Corporation; Easy2 Technologies, Inc.; ForeSee Results, Inc.; ForeSee Session Replay, Inc.; More Corn, LLC; Multiply Media, LLC; Redcan, LLC; RSR Acquisition, LLC; Upbolt, LLC; and Webcollage Inc. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 17-10496 (SMB).

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

7. The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee, by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2017                                    _____
                                                             UNITED STATES BANKRUPTCY JUDGE