**Presentment Date and Time: August 29, 2017 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: August 28, 2017 at 4:00 p.m. (prevailing Eastern Time)**

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
Christopher T. Greco
Anthony R. Grossi
John T. Weber
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Melissa N. Koss
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
555 California Street
San Francisco, California 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500

*Counsel to the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ANSWERS HOLDINGS, INC., *et al.*,[1] | ) | Case No. 17-10496 (SMB) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771). The location of Reorganized Debtor Webcollage Inc.'s principal place of business and the Reorganized Debtors' service address in the Chapter 11 Cases is: 11 Times Square, 11th Floor, New York, New York 10018.

**NOTICE OF PRESENTMENT OF APPLICATION FOR
FINAL DECREE CLOSING THE CHAPTER 11 CASES PURSUANT TO
SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**

**PLEASE TAKE NOTICE** that on August 15, 2017, Answers Holdings, Inc. and its

affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession

(collectively, the "***Debtors***," and on and after April 14, 2017, the "***Reorganized Debtors***"), filed

the *Application for Final Decree Closing the Chapter 11 Cases Pursuant to Section 350(a) of the

Bankruptcy Code and Bankruptcy Rule 3022* (the "***Application***").  The Application will be

presented for signature to the Honorable Stuart M. Bernstein of the United States Bankruptcy

Court for the Southern District of New York (the "***Court***"), in Room 723, One Bowling Green,

New York, New York 10004-1408, on **August 29, 2017, at 10:00 a.m. (prevailing Eastern

Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the

Application (each, an "***Objection***") shall be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York,

and shall be filed with the Court (a) by registered users of the Bankruptcy Court's case filing

system, electronically in accordance with General Order M–399 (which can be found at

http://www.nysb.uscourts.gov) and (b) by all other parties in interest, on a CD-ROM, in

text-searchable portable document format (PDF) (with a hard copy delivered directly to

Chambers as set forth in the Case Management Order), in accordance with the customary

practices of the Bankruptcy Court and General Order M–399, to the extent applicable, and

served—so as to be <u>actually received</u> no later than **August 28, 2017, at 4:00 p.m. (prevailing

Eastern Time)** (the "***Objection Deadline***")—on each of the following parties:

2

    a.       Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn: Jonathan Henes, P.C., Esq., Christopher T. Greco, Esq., and John T. Weber, Esq.);

    b.       The United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan D. Golden, Esq.);

    c.       all parties required to receive notice under the Confirmation Order [Docket No. 120]; and

    d.       all those persons and entities that have formally requested notice by filing a written request for notice, pursuant to Federal Rule of Bankruptcy Procedure 2002 and the Local Bankruptcy Rules for the Southern District of New York.

**PLEASE TAKE FURTHER NOTICE** that if no Objections or other responses are timely filed and served with respect to the Application, the Reorganized Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form attached to the Application, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that in the event any Objections to the Application are timely filed and served on or before the Objection Deadline as set forth herein, a hearing to consider the Application with respect to any Objection to the Application shall be scheduled by the Court.

*[Remainder of page intentionally left blank.]*

Dated:  August 15, 2017              */s/ Christopher T. Greco*
New York, New York                   James H.M. Sprayregen, P.C.
                                     Jonathan S. Henes, P.C.
                                     Christopher T. Greco
                                     Anthony R. Grossi
                                     John T. Weber
                                     **KIRKLAND & ELLIS LLP**
                                     **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                     601 Lexington Avenue
                                     New York, New York 10022
                                     Telephone:     (212) 446-4800
                                     Facsimile:     (212) 446-4900

                                             - and -

                                     Melissa N. Koss
                                     **KIRKLAND & ELLIS LLP**
                                     **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                     555 California Street
                                     San Francisco, California 94104
                                     Telephone:     (415) 439-1400
                                     Facsimile:     (415) 439-1500

                                     *Counsel to the Reorganized Debtors*

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
Christopher T. Greco
Anthony R. Grossi
John T. Weber
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Melissa N. Koss
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
555 California Street
San Francisco, California 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500

*Counsel to the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ANSWERS HOLDINGS, INC., *et al.*,[1] | ) Case No. 17-10496 (SMB) |
| | ) |
| Reorganized Debtors. | ) (Jointly Administered) |
| | ) |

## APPLICATION FOR FINAL DECREE
## CLOSING THE CHAPTER 11 CASES PURSUANT TO
## SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include:  Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771).  The location of Reorganized Debtor Webcollage Inc.'s principal place of business and the Reorganized Debtors' service address in the Chapter 11 Cases is:  11 Times Square, 11th Floor, New York, New York 10018.

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***" and, on and after April 14, 2017, the "***Reorganized Debtors***") submit this application (the "***Application***") for entry of a final decree, substantially in the form attached hereto as **Exhibit A**, closing their chapter 11 cases.

## Relief Requested

1.     By this Application, the Reorganized Debtors respectfully request that this Court enter a final decree, substantially in the form attached hereto as **Exhibit A**, closing their chapter 11 cases as set forth in **Exhibit 1** and terminating the appointment and services of Rust Consulting/Omni Bankruptcy ("***Omni***") as claims, noticing, and solicitation agent for the Reorganized Debtors.

## Jurisdiction

2.     This court (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.     Venue is proper in this Court under 28 U.S.C §§ 1408 and 1409.  In addition, pursuant to the Confirmation Order (as defined herein), this Court has retained jurisdiction to enter a final decree closing these chapter 11 cases.

4.     The statutory basis for the relief requested herein is section 350(a) of title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Bankruptcy Rules***").

## Background

5.     On March 3, 2017 (the "***Petition Date***"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On April 10, 2017, the Court entered

the *Order Approving the Debtors' Disclosure Statement for, and Confirming, the Debtors' Joint Prepackaged Chapter 11 Plan* [Docket No. 120] (the "**Confirmation Order**"), thereby confirming the *Joint Prepackaged Chapter 11 Plan of Reorganization for Answers Holdings, Inc. and its Debtor Affiliates* [Docket No. 120, Ex. A] (the "**Plan**").[2]  The Plan was substantially consummated on April 14, 2017 (the "**Effective Date**").  As of the date hereof, the Reorganized Debtors have resolved all outstanding prepetition claims and made all distributions on account of such claims in a manner consistent with the Plan.

## Basis for Relief

6.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

7.    The Advisory Committee Note to Bankruptcy Rule 3022 provides in pertinent part:

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or [its successor] has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

---

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

3

> The court should not keep the case open only because of the possibility that the court's jurisdiction may be involved in the future. A final decree closing the case . . . does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code.

8.      Courts generally use the six factors listed in the Advisory Committee Note to determine whether a case has been fully administered.  *See, e.g., In re Aquatic Dev. Group, Inc.*, 352 F.3d 671, 676 (2d Cir. 2003); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999).  The six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree.  *See Kliegl Bros.*, 238 B.R. at 542; *see also Walnut Assocs.v. Saidel*, 164 B.R. 487 (E.D. Pa. 1994).

9.      Here, the Court entered the Confirmation Order on April 10, 2017 and such order is a final order [Docket No. 120].[3]  Following entry of the Confirmation Order, the Reorganized Debtors worked diligently and in good faith to ensure that the conditions to the effectiveness of the Plan, as set forth in Article VIII of the Plan, were met, and on April 14, 2017, the Effective Date occurred and the Plan was substantially consummated [Docket No. 122].

10.      All property contemplated to be transferred or distributed pursuant to the Plan has been transferred or disbursed to all creditors entitled to such distributions.  Among other things, the Reorganized Debtors have:

- Paid cash to holders of Allowed Administrative Claims in full satisfaction of such holders' claims;

- Converted $25 million of the Allowed DIP Claims on a dollar for dollar basis into the First Lien Exit Loans.

---

[3]    *See* Confirmation Order, at ¶ 97. Furthermore, no parties in interest have appealed the Confirmation Order.

- Satisfied Allowed Priority Tax Claims in an amount equal to the amount of such respective holders' Allowed Priority Tax Claims or in an amount agreed to by applicable Reorganized Debtors and such holders;

- Satisfied Allowed Class 1 - Other Secured Claims in full satisfaction of such holders' claims;

- Satisfied Allowed Class 2 - Other Priority Claims in full satisfaction of such holders' claims;

- Distributed to holders of Allowed Class 3 - First Lien Claims their *pro rata* share of (i) 96% of the New Common Stock (subject to dilution on account of, to the extent applicable, the MIP Equity, the Exit Commitment Equity, and the Warrant Equity), and (ii) the Second Lien Exit Loans.

- Distributed to holders of Allowed Class 4 - Second Lien Claims their *pro rata* share of (i) 4% of the New common Stock (subject to dilution on account of, to the extent applicable, the MIP Equity, the Exit Commitment Equity, and the Warrant Equity), and (ii) the Warrants;

- Continued to pay or treat Class 5 - General Unsecured Claims in the ordinary course of business as if these chapter 11 cases had never been commenced;

- Provided holders of Class 6 - Intercompany Claims their treatment under the Plan;

- Reinstated Class 7 - Intercompany Interests pursuant to, and in accordance with, the Plan;

- Cancelled Class 8 - Interests in Holdings; and

- Notwithstanding Section 7.1 of the Plan that provided the holders of Claims against the Debtors' estates that did not need to file Proofs of Claim, twenty-two (22) Proofs of Claims were filed against the Debtors totaling in the aggregate approximately $174,586.19. As of the date hereof, all twenty-two (22) Proofs of Claims have been withdrawn. Annexed hereto as **Exhibit B** are the Notices of Withdrawal for each of the twenty-two (22) Proofs of Claim that were filed against the Debtors' estates.

11.    As of the date hereof, all motions, contested matters, and adversary proceedings have also been finally resolved.

12.    The Reorganized Debtors also request that the Court close these chapter 11 cases in light of section 1930(a)(6) of title 28 of the U.S. Code, which requires that quarterly fees be paid to the United States Trustee after confirmation and consummation of a chapter 11 plan until

5

a debtor's case is closed.  Such fees are a financial burden on the Reorganized Debtors and approval of this Application would result in the Reorganized Debtors saving approximately $30,000 per quarter.  As of the date hereof, the Reorganized Debtors have paid all fees due and payable pursuant to section 1930(a)(6) of title 28 of the United States Code.  The Reorganized Debtors will make any final payments due to the Office of the United States Trustee in connection with this Motion.  Based on the foregoing, ample justification exists for entry of a final decree closing these chapter 11 cases.

### The Closing Report

13.    In accordance with the requirements of Local Bankruptcy Rule 3022-1, attached hereto as **Exhibit C** is a copy of the closing report, which includes a summary of the fees and expenses awarded to the professionals retained by the Reorganized Debtors during these chapter 11 cases, as well as additional information regarding distributions made pursuant to the Plan.

### Notice

14.    The Debtors have provided notice of this Application to:  (a) the Office of the U.S. Trustee for the Southern District of New York; (b) all parties required to receive notice under the Confirmation Order; and (c) those parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

*[Remainder of page intentionally left blank.]*

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter a final decree, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems appropriate.

| | |
|---|---|
| New York, New York<br>Dated: August 15, 2017 | */s/ Christopher T. Greco* |

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
Christopher T. Greco
Anthony R. Grossi
John T. Weber
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Melissa N. Koss
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
555 California Street
San Francisco, California 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500

*Counsel to the Reorganized Debtors*

## Exhibit A

**Proposed Final Decree**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| ANSWERS HOLDINGS, INC., *et al.*,[1] | ) Case No. 17-10496 (SMB) |
| | ) |
| Reorganized Debtors. | ) (Jointly Administered) |
| | ) |

### FINAL DECREE CLOSING DEBTORS' CHAPTER 11 CASES PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022

Upon the application (the "***Application***")[2] of Answers Holdings, Inc. and certain of its affiliates (collectively, the "***Debtors***" and, on and after April 14, 2017, the "***Reorganized Debtors***"), for entry of a final decree closing the chapter 11 cases of the Reorganized Debtors pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, all as more fully described in the Application; and the Court having found that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and the Confirmation Order; and the Court having reviewed the Application; and there being no timely objections to the requested relief, after due notice; and the Court hereby finding and determining that (a) the relief sought in the Application and granted herein is in the best interests

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include:  Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771).  The location of Reorganized Debtor Webcollage Inc.'s principal place of business and the Reorganized Debtors' service address in the Chapter 11 Cases is:  11 Times Square, 11th Floor, New York, New York 10018.

[2]    All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

of the Reorganized Debtors, their estates and creditors, and all parties in interest, (b) due and proper

notice of the Application has been given, and (c) the legal and factual bases set forth in the

Application demonstrate sufficient and just cause for the relief granted herein; therefore, it is

hereby ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. Pursuant to section 350(a) of the Bankruptcy Code and Rule 3022 of the Federal

Rules of Bankruptcy Procedure, the Reorganized Debtors' chapter 11 cases identified on **Exhibit 1**

attached hereto are hereby closed; provided, however, that the Court shall retain such jurisdiction

as is provided in Article XI of the Plan, which provides for the retention of the Bankruptcy Court's

exclusive jurisdiction over all matters arising out of, or related to, these chapter 11 cases and the

Plan, and the entry of this Final Decree is without prejudice to the rights of the Reorganized

Debtors or any party in interest to seek to reopen these chapter 11 cases for good cause shown.

3. The Reorganized Debtors shall reserve sufficient funds to pay the United States

Trustee the appropriate amount of any quarterly fees due pursuant to 28 U.S.C. § 1930 and any

applicable interest due pursuant to 31 U.S.C. § 3717, which fees and interest, if any, shall be paid

within twenty (20) days of the entry of this Final Decree.  Upon the payment of such quarterly

fees, the Reorganized Debtors simultaneously shall provide to the United States Trustee an

affidavit indicating cash disbursements, if any, for the quarter in which this Final Decree is entered.

4. The appointment and services of Rust Consulting/Omni Bankruptcy ("***Omni***") as

the notice and claims agent (the "***Claims Agent***") shall be terminated effective 20 days from the

entry of this Final Decree.  The Claims Agent shall prepare final claims registers for the Clerk's

Office of the United States Bankruptcy Court for the Southern District of New York (the "***Clerk's***

***Office***") pursuant to the Judicial Conference Guidelines for the Implementation of section 156(c)

of title 28 of the United States Code (the "*Guidelines*") and shall box and transport original proofs

of claim to Federal Archives or to such other place as the Clerk's Office directs pursuant to the

Guidelines.  The Claims Agent is authorized to shred or otherwise dispose of all noticing or other

documents that have been returned by the United States Post Office or similar carrier as

undeliverable mail.  Upon Claims Agent's transmission of the final claims register to the Court,

the Reorganized Debtors request that Omni be deemed formally discharged as claims, noticing,

and solicitation agent for the Reorganized Debtors without further order of the Court.  Omni is

authorized to invoice the Reorganized Debtors in the ordinary course of business for any other

services it continues to provide to the Reorganized Debtors, including with respect to distributions

under the Reorganized Debtors' chapter 11 plan.

        5.      The Reorganized Debtors are authorized to take all actions necessary to effectuate

the relief granted pursuant to this Order in accordance with the Application.

New York, New York
Dated: [_____], 2017                          _____
                                                 HONORABLE STUART M. BERNSTEIN
                                                 UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Chapter 11 Cases To Be Closed**

## Chapter 11 Cases To Be Closed

| DEBTOR | CASE NO. |
|---|---|
| Answers Holding, Inc. | 17-10496 (SMB) |
| Webcollage Inc. | 17-10495 (SMB) |
| Answers Corporation | 17-10497 (SMB) |
| Easy2 Technologies, Inc. | 17-10498 (SMB) |
| ForeSee Results, Inc. | 17-10500 (SMB) |
| ForeSee Session Replay, Inc. | 17-10501 (SMB) |
| More Corn, LLC | 17-10502 (SMB) |
| Multiply Media, LLC | 17-10503 (SMB) |
| Redcan, LLC | 17-10504 (SMB) |
| RSR Acquisition, LLC | 17-10506 (SMB) |
| Upbolt, LLC | 17-10507 (SMB) |

**Exhibit B**

**Notices of Withdrawal**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| ANSWERS HOLDINGS, INC., *et al.,* [1] | Case No. 17-10496 (SMB) |
|  | Jointly Administered |
| Debtors. | **Related to Docket No. 125** |

_____/

### NOTICE OF WITHDRAWAL OF: (A) NECC ASSOCIATES, LLC's
### (I) REQUEST FOR RECONCILIATION AND PAYMENT OF CURE CLAIM;
### AND (II) LIMITED OBJECTION TO ASSUMPTION OF UNEXPIRED LEASE OF
### NONRESIDENTIAL REAL PROPERTY; AND (B) PROOF OF CLAIM

NECC Associates, LLC, a creditor herein ("**NECC**"), hereby withdraws:

1.     NECC's (i) Request for Reconciliation and Payment of Cure Claim; and (ii)

Limited Objection to Assumption of Unexpired Lease of Nonresidential Real Property, as filed on

May 8, 2017 [Docket No. 125]; and

2.     NECC's Proof of Claim [Claim No. 1], as filed on May 11, 2017 in the Chapter

11 case of Debtor ForeSee Results, Inc., Case No. 17-10500.

---

[1]    The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771). The location of Debtor Webcollage Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is: 11 Times Square, 11th Floor, New York, New York 10018.

Date:  July 25, 2017

**HONIGMAN MILLER SCHWARTZ AND COHN LLP**
Attorneys for NECC Associates, LLC

By:  /s/ E. Todd Sable
    E. Todd Sable (MI Bar No. P54956)
    Lawrence A. Lichtman (MI Bar No. P35403)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone: (313) 465-7548
Facsimile: (313) 465-7549
Email:  tsable@honigman.com
        llichtman@honigman.com

25188585.1

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:                                        Chapter 11

ANSWERS HOLDINGS, INC., *et al.*, [1]        Case No. 17-10496 (SMB)

                                              Jointly Administered

       Debtors.                           **Related to Docket Nos. 125**

_____/

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 25, 2017, NECC Associates, LLC's Notice of Withdrawal of:  (A) NECC Associates, LLC's (I) Request For Reconciliation And Payment Of Cure Claim; and (II) Limited Objection to Assumption of Unexpired Lease of Nonresidential Real Property; and (B) Proof Of Claim was filed with the Court using the ECF system which will send notice of such filing to all interested parties registered to receive notice.

**HONIGMAN MILLER SCHWARTZ AND COHN LLP**
Attorneys for NECC Associates, LLC

July 25, 2017            By: /s/ E. Todd Sable_____
                             E. Todd Sable (MI Bar No. P54956)
                             Lawrence A. Lichtman (MI Bar No. P35403)
                        660 Woodward Avenue
                        2290 First National Building
                        Detroit, MI 48226
                        Telephone:  (313) 465-7548
                        Facsimile:  (313) 465-7549
                        Email: tsable@honigman.com
                               llichtman@honigman.com

_____

[1]    The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771). The location of Debtor Webcollage Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is: 11 Times Square, 11th Floor, New York, New York 10018.

Amish R. Doshi, Esq.                         Hearing Date: TBD, if necessary
**MAGNOZZI & KYE, LLP**                       Hearing Time: TBD, if necessary
23 Green Street, Suite 302                    Objection Date: TBD
Huntington, New York 11743
Telephone: (631) 923-2858

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>**ANSWERS HOLDINGS, INC., et. al.,**<br><br>Debtors. | **Chapter 11**<br><br>**Case No.   17-10496 (SMB)**<br><br>**Jointly Administered** |

### ORACLE AMERICA, INC.'S WITHDRAWAL OF REQUEST FOR PAYMENT OF CURE AND LIMITED OBJECTION TO ASSUMPTION OF ITS CONTRACTS

PLEASE TAKE NOTICE that Oracle America, Inc., hereby withdraws its Request for

Payment of Cure and Limited Objection to Assumption of Its Contracts (CM ECF # 127] filed on

May 12, 2017.

Dated:  July 27, 2017                        Respectfully submitted,
         Huntington, New York

                                             By:____/s/ Amish R. Doshi____ _____
                                             Amish R. Doshi, Esq.
                                             **MAGNOZZI & KYE, LLP**
                                             23 Green Street, Suite 302
                                             Huntington, New York 11743
                                             Telephone: (631) 923-2858
                                             Email:       adoshi@magnozzikye.com

                                             Shawn M. Christianson, Esq. (CSB # 114707)
                                             **BUCHALTER, A Professional Corporation**
                                             55 Second Street, 17th Floor
                                             San Francisco, California 94105-2130
                                             Telephone: (415) 227-0900

                                             Deborah Miller, Esq. (CSB# 95527)
                                             Alice Miller, Esq. (CSB# 286596)
                                             **ORACLE AMERICA, INC.**
                                             500 Oracle Parkway
                                             Redwood City, California 94065
                                             Telephone: (650) 506-5200

                                             **Attorneys for Oracle America, Inc.**

Amish R. Doshi, Esq.
**MAGNOZZI & KYE, LLP**
23 Green Street, Suite 302
Huntington, New York 11743
Telephone: (631) 923-2858

**Hearing Date: TBD, if necessary**
**Hearing Time: TBD, if necessary**
**Objection Date: TBD**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | **Chapter 11** |
| **ANSWERS HOLDINGS, INC., et. al.,** | **Case No.   17-10496 (SMB)** |
| Debtors. | **Jointly Administered** |

### ORACLE AMERICA, INC.'S WITHDRAWAL OF REQUEST FOR PAYMENT OF CURE AND LIMITED OBJECTION TO ASSUMPTION OF ITS CONTRACTS

PLEASE TAKE NOTICE that Oracle America, Inc., hereby withdraws its Request for

Payment of Cure and Limited Objection to Assumption of Its Contracts (CM ECF # 127] filed on

May 12, 2017.

Dated:  July 27, 2017
      Huntington, New York

Respectfully submitted,

By: _____/s/ Amish R. Doshi_____
Amish R. Doshi, Esq.
**MAGNOZZI & KYE, LLP**
23 Green Street, Suite 302
Huntington, New York 11743
Telephone: (631) 923-2858
Email:        adoshi@magnozzikye.com

Shawn M. Christianson, Esq. (CSB # 114707)
**BUCHALTER, A Professional Corporation**
55 Second Street, 17th Floor
San Francisco, California 94105-2130
Telephone: (415) 227-0900

Deborah Miller, Esq. (CSB# 95527)
Alice Miller, Esq. (CSB# 286596)
**ORACLE AMERICA, INC.**
500 Oracle Parkway
Redwood City, California 94065
Telephone: (650) 506-5200

**Attorneys for Oracle America, Inc.**

State of California
**Franchise Tax Board**
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

07.26.2017

RUST CONSULTING/OMNI BANKRUPTCY
5955 DE SOTO AVENUE, SUITE 100
WOODLAND HILLS CA 91367

| | | |
|---|---|---|
| Subject | : | BANKRUPTCY CLAIM |
| Account Number | : | XXX9032XXX |
| Entity | : | WEBCOLLAGE INC. |
| Bankruptcy Number | : | 1710495 SMB |
| Claim Filed | : | 06/12/2017 |
| Year(s) | : | 2016, 2017 |
| Claim Number | : | 495 |
| Claim Amount | : | $800.00 |

   X    We are withdrawing this claim.

   ____    We are reducing the secured portion of the claim to unsecured general.

   ____    We are changing the claim to  :

| Tax Year | Secured | Priority | Unsecured General | Total |
|---|---|---|---|---|
| 00/00/0000 | | | | $     - |
| | | | | $     - |
| | | | | $     - |
| | | | | $     - |
| Totals | $     - | $     - | $     - | $     - |

Please revise your records accordingly.

*Debbi Troutt*

DEBORAH TROUTT
Special Programs Bureau
(916) 845-3316

Section or Division     tel 916.845.4750     chair **Betty T. Yee**
    fax 916.845.9799     member **Diane L. Harkey**
    ftb.ca.gov     member **Michael Cohen**

State of California
**Franchise Tax Board**
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

07.26.2017

RUST CONSULTING/OMNI BANKRUPTCY
5955 DE SOTO AVENUE, SUITE 100
WOODLAND HILLS CA 91367

| | | |
|---|---|---|
| Subject | : | BANKRUPTCY CLAIM |
| Account Number | : | XXX7308XXX |
| Entity | : | ANSWERS HOLDINGS, INC. |
| Bankruptcy Number | : | 1710496 SMB |
| Claim Filed | : | 06/12/2017 |
| Year(s) | : | 2016, 2017 |
| Claim Number | : | 496 |
| Claim Amount | : | $2,400.00 |

__X__    We are withdrawing this claim.

____    We are reducing the secured portion of the claim to unsecured general.

____    We are changing the claim to  :

| Tax Year | Secured | Priority | Unsecured General | Total |
|---|---|---|---|---|
| 00/00/0000 | | | | $         - |
| | | | | $         - |
| | | | | $         - |
| | | | | $         - |
| Totals | $         - | $         - | $         - | $         - |

Please revise your records accordingly.

*Debbie Troutt*

DEBORAH TROUTT
Special Programs Bureau
(916) 845-3316

Section or Division        tel 916.845.4750        chair **Betty T. Yee**
                           fax 916.845.9799        member **Diane L. Harkey**
                           ftb.ca.gov              member **Michael Cohen**

State of California
**Franchise Tax Board**
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

07.26.2017

RUST CONSULTING/OMNI BANKRUPTCY
5955 DE SOTO AVENUE, SUITE 100
WOODLAND HILLS CA 91367

| | | |
|---|---|---|
| Subject | : | BANKRUPTCY CLAIM |
| Account Number | : | XXX9617XXX |
| Entity | : | FORESEE RESULTS, INC. |
| Bankruptcy Number | : | 1710500 SMB |
| Claim Filed | : | 06/12/2017 |
| Year(s) | : | 2016, 2017 |
| Claim Number | : | 500 |
| Claim Amount | : | To Be Determined |

__X__    We are withdrawing this claim.

____    We are reducing the secured portion of the claim to unsecured general.

____    We are changing the claim to  :

| Tax Year | Secured | Priority | Unsecured General | Total |
|---|---|---|---|---|
| 00/00/0000 | | | | $          - |
| | | | | $          - |
| | | | | $          - |
| | | | | $          - |
| Totals | $          - | $          - | $          - | $          - |

Please revise your records accordingly.

*Deblie Trout*

DEBORAH TROUTT
Special Programs Bureau
(916) 845-3316

Section or Division      tel 916.845.4750      chair **Betty T. Yee**
fax 916.845.9799      member **Diane L. Harkey**
ftb.ca.gov      member **Michael Cohen**

State of California
**Franchise Tax Board**
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

07.26.2017

RUST CONSULTING/OMNI BANKRUPTCY
5955 DE SOTO AVENUE, SUITE 100
WOODLAND HILLS CA 91367

| | | |
|---|---|---|
| Subject | : | BANKRUPTCY CLAIM |
| Account Number | : | XXXXX9877XXX |
| Entity | : | RSR ACQUISITION, LLC |
| Bankruptcy Number | : | 1710506 SMB |
| Claim Filed | : | 06/05/2017 |
| Year(s) | : | 2015, 2016, 2017 |
| Claim Number | : | 506 |
| Claim Amount | : | $2,484.96 |

   _X_   We are withdrawing this claim.

   ____   We are reducing the secured portion of the claim to unsecured general.

   ____   We are changing the claim to  :

| Tax Year | Secured | Priority | Unsecured General | Total |
|---|---|---|---|---|
| 00/00/0000 | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| | | | | $ - |
| Totals | $ - | $ - | $ - | $ - |

Please revise your records accordingly.

*Debbie Troutt*

DEBORAH TROUTT
Special Programs Bureau
(916) 845-3316

tel 916.845.4750
fax 916.845.9799
ftb.ca.gov

chair **Betty T. Yee**
member **Diane L. Harkey**
member **Michael Cohen**

State of California
**Franchise Tax Board**
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

07.26.2017

RUST CONSULTING/OMNI BANKRUPTCY
5955 DE SOTO AVENUE, SUITE 100
WOODLAND HILLS CA 91367

| | | |
|---|---|---|
| Subject | : | BANKRUPTCY CLAIM |
| Account Number | : | XXXXXXXX0015XXX |
| Entity | : | REDCAN, LLC |
| Bankruptcy Number | : | 1710504 SMB |
| Claim Filed | : | 06/05/2017 |
| Year(s) | : | 2015, 2016, 2017 |
| Claim Number | : | 504 |
| Claim Amount | : | $1,632.04 |

___X___  We are withdrawing this claim.

_____  We are reducing the secured portion of the claim to unsecured general.

_____  We are changing the claim to  :

| Tax Year | Secured | Priority | Unsecured General | Total |
|---|---|---|---|---|
| 00/00/0000 | | | | $        - |
| | | | | $        - |
| | | | | $        - |
| | | | | $        - |
| Totals | $        - | $        - | $        - | $        - |

Please revise your records accordingly.

*Deblie Troutt*

DEBORAH TROUTT
Special Programs Bureau
(916) 845-3316

Section or Division     tel 916.845.4750     chair **Betty T. Yee**
fax 916.845.9799     member **Diane L. Harkey**
ftb.ca.gov     member **Michael Cohen**

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
Christopher T. Greco
Anthony R. Grossi
John T. Weber
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Melissa N. Koss
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
555 California Street
San Francisco, California 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ANSWERS HOLDINGS, INC., *et al.*,[1] | ) | Case No. 17-10496 (SMB) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF WITHDRAWAL OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. CLAIM

**PLEASE TAKE NOTICE** that the claim filed by National Union Fire Insurance Company of Pittsburgh, PA., Illinois National Insurance Company, AIG Specialty Insurance Company, American Home Assurance Company, and certain other entities related to AIG

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:    Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771).    The location of Reorganized Debtor Webcollage Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is:    11 Times Square, 11th Floor, New York, New York 10018.

Property Casualty Inc. (collectively, "***AIG***"), claim no. 5, attached hereto as **Exhibit A**, and filed on April 3, 2017 in the above captioned bankruptcy cases, Case No. 17-10496, for the amount of $8,473.00 (the "***Claim***") is hereby withdrawn with prejudice.  AIG hereby reserves all rights in connection with its Claim, including its right to seek collection of its claim.

New York, New York
Dated:  July 11, 2017

By: Kevin Larner
Title: Authorized Representative

AIG Property Casualty Inc.

2

## EXHIBIT A

**Withdrawn Claim**

Debtor: **Answers Holdings, Inc.**

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

Case Number:  17-10496

**FILED**

Claim No. **5**

**April 03 2017**

By Rust | Omni Claims Agent
For U.S Bankruptcy Court
Southern District of New York

Official Form 410

# Proof of Claim

12/15

**Read the instructions before filling out this form.  This form is for making a claim for payment in a bankruptcy case.  Do not use this form to make a request for payment of an administrative expense.  Make such a request according to 11 U.S.C.  § 503.**

**Filers must leave out or redact**  information that is entitled to privacy on this form or on any attached documents.  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.  **Do not send original documents;**  they may be destroyed after scanning.  If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy (Form 309) that you received.**

Carefully read instructions included with this Proof of Claim before completing.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor
(the person or entity to be paid for this claim)    NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes    From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

AIG PROPERTY CASUALTY, INC., ATTN: KEVIN J. LA

Name

175 WATER STREET, 15TH FLOOR

NEW YORK, NY 10038

Contact Phone    458-7101

Contact email    KEVIN.LARNER@AIG.COM

Where should payments to the creditor be sent? (if different)

Name

Contact Phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

_____

**4. Does this claim amend one already filed?**

☒ No
☐ Yes    Claim Number on court claims registry (if known) _____    Filed On _____
                                                                                          MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes    Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☒ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor: _____0496_____

**7. How much is the claim?**    $ _____8473.00_____

**Does this amount include interest or other charges?**

☒ No

☐ Yes    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

SEE ATTACHED

**9. Is all or part of the claim secured?**

☒ No

☐ Yes    The claim is secured by a lien on property

**Nature of property:**

☐ Real Estate    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*

☐ Motor Vehicle

☐ Other    Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

**Value of Property:** $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7).

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate:** (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes    **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes    Identify the property: _____

**12. Is this claim for the value of goods received by the debtor 20 days before the commencement date of this case (11 U.S.C. §503(b)(9)).?**

☒ No

☐ Yes    Amount of 503(b)(9) Claim: $ _____

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes    *Check all that apply*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $ _____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $ _____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $ _____

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).    $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies.    $ _____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    04/03/2017
                    _____
                    MM / DD / YYYY

KEVIN J. LARNER
_____
   Signature

**Print the name of the person who is completing and signing this claim:**

Name    KEVIN J. LARNER
        _____

Title    AUTHORIZED REPRESENTATIVE
        _____

Company    AIG PROPERTY CASUALTY, INC.
           _____
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    175 WATER STREET, 15TH FLOOR
           NEW YORK, NY 10038
           _____

Contact Phone    458-7101    Email    KEVIN.LARNER@AIG.COM

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter **11** |
| **Answers Holdings, Inc., et al.**<br>Debtors. | Case No. **17-10496** |

**ADDENDUM TO PROOF OF CLAIM OF NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., ILLINOIS NATIONAL INSURANCE COMPANY,
AIG SPECIALTY INSURANCE COMPANY, AMERICAN HOME ASSURANCE
COMPANY, AND CERTAIN OTHER
ENTITIES RELATED TO AIG PROPERTY CASUALTY INC.**

National Union Fire Insurance Company of Pittsburgh, PA., Illinois National Insurance Company, AIG Specialty Insurance Company, American Home Assurance Company, and certain other entities related to AIG Property Casualty Inc. (collectively, "AIG") that provide or provided insurance, insurance services and/or surety bonds to Answers Holdings, Inc. aka Answers.com, aka Multiply aka Multiply Media (collectively, "Debtors") (see the List of Debtors attached hereto), hereby submit this addendum (the "Addendum") to its proof of claim (the "Proof of Claim").

1.      As of March 03, 2017 (the "Petition Date"), the Debtors are indebted to AIG for premiums, deductibles, and other related fees, expenses and obligations for, among other things, insurance coverages and services provided and to be provided by AIG to the Debtors as more fully described below.

2.      **The Insurance Program**.  AIG provided the Debtors with certain insurance coverages, including, without limitation, directors and officers, liability, workmen's compensation, and other services pursuant to various insurance policies and other agreements (collectively, the "Insurance Program") for varying periods commencing March 17, 1999 and ending 12:01 a.m., April 14, 2017.  Attached hereto is a list of the policies issued by AIG to the Debtors and certain related documentation. This claim is made for all obligations of the Debtors and other named insureds arising under the Insurance Program whether or not the relevant insurance policies and related agreements are specifically listed or described in the attached list or documents.  Moreover, the documents which evidence the Insurance Program are voluminous and it is not practical to attach and/or list all of them.  Nothing in this description of the Insurance Program or any of the attached documents is intended to vary, amend or alter in any way the terms, conditions, coverages, limitations, exclusions or dates of coverage of any policy or coverage.

3.      **Fidelity and Surety Bonds.**  AIG may have provided the Debtors with various surety, fidelity and other bonds for the account of the Debtors.  Claim is asserted for all such bonds issued or outstanding and for all premiums, fees and expenses due thereunder, whether or not specifically listed or described in the attached documents.  Nothing in this

1

description of the bond programs is intended to vary, amend or alter in any way the terms, conditions, coverages, limitations, exclusions or dates of coverage of any bond. Should AIG be called upon to pay on any such bond, AIG may amend this proof of claim to assert a claim on account of such payment.

4.    **Components of the Proof of Claim**.

(a)    **Liquidated Claim for the Insurance Program.** Pursuant to the Insurance Program, the Debtors entered into certain agreements with AIG and are obligated to pay to AIG premium and reimburse AIG for AIG's payment on claims up to the deductible/retention levels, as set forth in the various policies. Additionally, the Debtors are obligated to AIG with respect to any and all rights and entitlements that AIG has or may have in the future to audit premium, unpaid premium, breach of contract damages, indemnification, contribution, subrogation, reimbursement, unjust enrichment or other rights to payment, including, without limitation, damages, costs and expenses related thereto, including attorneys' fees, from the Debtors arising from or in connection with the Insurance Program. AIG's claim includes certain of the amounts now liquidated and due. The tabulated and liquidated amount owed by the Debtors under the Insurance Program, as of the date hereof, is $8,473.00. This amount may be subject to adjustment based upon, among other things, loss experience and payments already made by or on behalf of the Debtors which we have not yet tabulated.

(b)    **Unmatured and/or Unliquidated Claim for the Insurance Program**. Pursuant to the Insurance Program, the Debtors entered into certain agreements and are obligated to pay to AIG, among other things, certain premiums, deductibles, self-insured retention, reimbursement obligations, fees, expenses and related costs that are not readily calculable as this time. Certain such amounts remain unmatured, contingent and/or unliquidated, and such amounts constitute AIG's unliquidated claim. When the amount of premiums, deductibles, fees, expenses and other costs due under the Insurance Program, including, without limitation, damages that may arise from the rejection of the Insurance Program or any part thereof, are liquidated, become mature or are determined, such amounts shall become a liquidated claim. AIG expressly reserves the right to amend or supplement its Proof of Claim at any time, including after any bar date, for whatever reason, including without limitation, for the purpose of filing additional claims or to specify the amount of AIG's unmatured, contingent and/or unliquidated claim as they become matured and/or liquidated.

(c)    **Other Insurance or Services**. To the extent AIG provides or provided any other or different insurance (including excess coverages or renewals of the Insurance Program), or other services to the Debtors, either included within or in addition to the Insurance Program, AIG hereby asserts a claim for all obligations of the Debtors to AIG arising thereunder, including, without limitation, premiums, deductibles, self-insured retention, reimbursement obligations, fees, expenses and other costs arising from such transactions, or from funds advanced or to be advanced on the Debtors' behalf. Additionally, AIG reserves the right to amend this proof of claim to assert further amounts due or particulars in connection therewith.

(d)    **Bond Obligations.** To the extent of any bonds outstanding, the Debtors agreed to pay to AIG, among other things, any and all loss and expense, including, without limitation, attorneys' fees, incurred by AIG by reason of having issued any such bonds,

2

and losses incurred as a result of the issuance of any bonds. The amount presently due AIG with respect to any bonds is unliquidated and untabulated.

    (e)    **Quantum Meruit**. To the extent any Debtors received a benefit from insurance or from bonds provided by AIG, such Debtors is obligated to pay AIG for the value of the benefits received.

    (f)    **Joint Liability.** Should it be established in these bankruptcy cases or otherwise that any of the Debtors have liability for the obligations of any of the other Debtors, or of any other additional insureds under the Insurance Programs, then this Proof of Claim asserts the same claim as AIG asserted against each such Debtor against such other Debtors. This Proof of Claim shall be deemed filed in the bankruptcy cases of all jointly-liable Debtors and AIG's failure to file this Proof of Claim in the bankruptcy cases of any jointly-liable Debtor shall in no way impact AIG's right to assert its claim against all jointly-liable Debtors.

    (g)    **Indemnity Obligations**. In the event the Debtors have entered into any agreement with AIG pursuant to which Debtors have a duty to indemnify AIG, a claim is made herein for such right to indemnity.

    (h)    **Other**. In connection with the foregoing, Debtors also may be liable to AIG by virtue of relevant principles of contract and common law relating to, among other things, subrogation, suretyship, indemnification or contribution.

    5.    **Right of Recoupment**. AIG asserts the right to use funds paid to it on account of, among other things, the Insurance Program to recoup obligations of the Debtors arising from, among other things, the Insurance Program.

    6.    **Security**. To the extent AIG holds any cash or other collateral as security for its claim, regardless of whether such cash or collateral is property of the Debtors' estates, AIG asserts a secured claim and/or a right of setoff and reserves its rights to collect against same by recoupment and/or setoff. Alternatively, or in addition, to the extent AIG holds an interest in any property of the Debtors, AIG asserts a security interest in same.

    *7.*    **Interest.** AIG claims all rights to claim interest to the extent permitted by law, including post-petition interest to the extent such interest is secured. To the extent this claim or any portion hereof, is unliquidated, appropriate interest (if any) remains unliquidated at this time. In preparing any tabulation of a liquidated claim, we will endeavor to include a tabulation of applicable interest to the extent dates of accrual of obligations can be readily ascertained. AIG reserves the right to amend such calculations and to claim additional interest as facts are learned, data compiled, and/or unliquidated claims become liquidated.

    8.    **Voluminous Documents Not Attached.** As indicated above, supporting documents for this Proof of Claim are voluminous. Additionally, supporting documents may contain confidential or privileged information. Supporting documents, including policies of insurance, are not attached, but may be made available upon request.

    9.    **Administrative Expense.** To the extent AIG's claim against the Debtors relates to insurance coverage provided after the Petition Date, AIG is entitled to administrative

priority under 11 U.S.C. §§ 503(b)(1) and 507(a)(2).  See In re MEI Diversified, Inc., 106 F.3d 829, 832 (8th Cir. 1997) (holding that an insurance company's claim for post-petition premium is entitled to administrative priority under section 503(b)(1) as an "actual, necessary" cost of preserving the bankruptcy estate); see also Metropolitan Ins. Co. v. Sharon Steel Corp. (In re Sharon Steel Corp.), 161 B.R. 934, 937 (Bankr. W.D. Pa. 1994); In re Gamma Fishing Co., 70 B.R. 949, 953-54 (Bankr. S.D. Cal. 1987).  Therefore, through this Proof of Claim, AIG also asserts an administrative expense claim for all services provided, risks insured or occurrences occurring after the Petition Date, all or a portion of which may be set forth in this Proof of Claim.  To the extent any amounts set forth herein are entitled to administrative expense priority, AIG hereby requests immediate allowance and payment of its administrative expense.  Any failure by AIG to specifically assert an administrative expense claim against the Debtors' estates shall not be deemed a waiver by AIG of its right to payment of an administrative expense, said right being asserted herein and fully preserved.

10.     **Arbitration.**  The filing of this Proof of Claim is not intended to waive any right to arbitration.  AIG expressly reserves the right to seek arbitration of any dispute arising in connection with this claim.  To the extent of any pre-existing arbitration agreement between AIG and Debtors, this court's jurisdiction to resolve disputes should be limited to referring such disputes to arbitration and enforcing any arbitration award.

11.     **No Consent to Jurisdiction; No Waiver of Jury Trial.**  The filing of this Proof of Claim is not and shall not be deemed or construed as: (i) a consent to jurisdiction of this Court with respect to proceedings, if any, commenced in any of the Debtors' cases involving the Proof of Claim or AIG; (ii) a waiver or release of AIG's right to a trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal, public, or private rights in any case, controversy or proceeding related hereto, notwithstanding any designation of such matters as "core" proceedings pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (iii) a consent to this Court's entry of final orders or judgments with respect to the Proof of Claim or any other matter involving AIG; (iv) a waiver of AIG's right to have any and all orders and judgments of this Court reviewed de novo by a court duly authorized under Article III of the United States Constitution; or (v) a waiver of AIG's right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in the Debtors' bankruptcy cases or otherwise involving AIG.

12.     **Reservation of Rights.**  In executing and filing this Proof of Claim, AIG: (i) does not waive any right or rights that it has or may have against any other persons liable for all or part of the claim set forth herein; (ii) expressly reserves the right to amend or supplement this Proof of Claim in any respect; (iii) expressly reserves the right to assert all claims, causes of action, defenses, offsets or counterclaims; and (iv) expressly reserves the right to contest insurance coverage in the event of each or any claim that may be tendered by the Debtors for coverage.

| **Fill in this information to identify the case:** |
|---|

Debtor 1     <u>Answers Holdings, Inc., et al.</u>

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: <u>Southern</u>          District of: <u>New York</u>
                                                                              (State)

Case number <u>17-10496</u>

<u>Official Form 410</u>

# Proof of Claim                                                                    04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

<u>AIG Property Casualty, Inc. and its affiliates identified on the Addendum hereto</u>

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No

☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

<u>AIG Property Casualty, Inc., Attn: Kevin J. Larner, Esq.</u>
Name

<u>175 Water Street, 15th Floor</u>
Number     Street

<u>New York, NY 10038</u>
City                State          ZIP Code

Contact phone  <u>(212) 458-7101</u>

Contact email  <u>kevin.larner@aig.com</u>

**Where should payments to the creditor be sent?** (if different)

_____
Name

_____
Number     Street

_____
City                State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☒ No

☐ Yes. Claim number on court claims registry (if known) _____          Filed on: _____
                                                                              MM  /  DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No

☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☒ Yes.  Last 4 digits of the debtor's account number you use to identify the debtor:  _0_  _4_  _9_  _6_

**7. How much is the claim?**   $8,473.00

**Does this amount include interest of other charges?**

☒ No

☐ Yes  Attach statement itemizing interest, fees, expenses or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

SEE ATTACHED

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this Proof of Claim.

☐ Motor vehicle

☐ Other.  Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of as security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the liens has been filed or recorded.)

Value of property:                     $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7)

Amount necessary to cure any default as of the date of the petition:  $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is the claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

**11. Is the claim subject to a right of setoff?**

☐ No

☒ Yes. Identify the property:  SEE ATTACHED

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br><br>☐ Yes. *Check all that apply:* |

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B) | $ _____ |
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |

\* Amounts subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3751.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, of the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  <u>  04  </u>    <u>  03  </u>    <u>  2017  </u>
       MM  /  DD  /  YYYY

_____
 Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | <u>Kevin J. Larner</u><br>First Name       Middle Name      Last Name\ |
| Title | <u>Authorized Representative</u> |
| Company | <u>AIG Property Casualty, Inc.</u><br>Identify the corporate servicers as the company if the authorized agent is a servicer. |
| Address | <u>175 Water Street, 15th Floor</u><br>Number    Street<br><br><u>New York, NY 10038</u><br>City           State   ZIP Code |
| Contact phone | <u>(212) 458-7101</u>    Email <u>kevin.larner@aig.com</u> |

**Answers Holdings, Inc.**
**Petition Date: 03/03/2017**
**Policy List Date: 03/08/2017**

| Policy # | Profit Center | Branch | Major Class | Ultimate D&B | Account # | Insured Name | Writing Company | Effective | Expiration | Underwriter Last Name | Underwriter First Name |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 00013950186 | 04 - CORPORATE AC | 67 - BALTIMORE | D & O - CLAIMS MADE | 928446027 | 844945407 | ANSWERS CORPORATION | ILLINOIS NATIONAL INS CO | 2010-12-09 | 2017-04-14 | | |
| 00005187505 | 39 - PRIVATE AND N | 15 - DETROIT | D & O - CLAIMS MADE | 928446027 | 74931820 | FORESEE RESULTS INC | NATIONAL UNION FIRE INS CO. | 2003-10-15 | 2004-10-15 | | |
| 00003833858 | 39 - PRIVATE AND N | 15 - DETROIT | D & O - CLAIMS MADE | 928446027 | 74931820 | FORESEE RESULTS INC | NATIONAL UNION FIRE INS CO. | 2004-10-15 | 2005-10-15 | | |
| 00009390858 | 39 - PRIVATE AND N | 15 - DETROIT | D & O - CLAIMS MADE | 928446027 | 74931820 | FORESEE RESULTS INC | NATIONAL UNION FIRE INS CO. | 2002-10-15 | 2003-10-15 | | |
| 00002784760 | 05 - SPECIALTY PRO | 03 - SAN FRANCISCO | LIAB/OT AUTO/BI CL | 0 | 754433 | ANSWERS INC | AIG SPECIALTY INS CO | 2000-03-17 | 2001-03-17 | | |
| 00009125222 | 05 - SPECIALTY PRO | 03 - SAN FRANCISCO | LIAB/OT AUTO/BI CL | 0 | 754433 | ANSWERS INC | AIG SPECIALTY INS CO | 1999-03-17 | 2000-03-17 | | |
| 00009540889 | 13 - SPECIALTY WC | 70 - A.I. RISK SPEC | WORKMENS COMPEN | 945348274 | 945348274 | ANSWERS, INC. | AMERICAN HOME ASSURANCE CO | 2004-09-01 | 2005-09-01 | | |
| 00003284092 | 13 - SPECIALTY WC | 63 - KANSAS CITY | WORKMENS COMPEN | 945348274 | 945348274 | ANSWERS, INC. | AMERICAN HOME ASSURANCE CO | 2004-09-01 | 2005-09-01 | | |
| 00007837382 | 13 - SPECIALTY WC | 70 - A.I. RISK SPEC | WORKMENS COMPEN | 945348274 | 945348274 | ANSWERS, INC. | AMERICAN HOME ASSURANCE CO | 2003-09-01 | 2004-09-01 | | |
| 00005366508 | 13 - SPECIALTY WC | 70 - A.I. RISK SPEC | WORKMENS COMPEN | 41280954 | 41280954 | ANSWERS, INC. | AMERICAN HOME ASSURANCE CO | 2002-09-01 | 2003-09-01 | | |

**Debtors' List**

| | |
|---|---|
| 17-10496 | Answers Holdings, Inc.<br>aka Answers.com<br>aka Multiply<br>aka Multiply Media |
| 17-10498 | Easy2 Technologies, Inc. |
| 17-10500 | ForeSee Results, Inc. |
| 17-10501 | ForeSee Session Replay, Inc. |
| 17-10502 | More Corn, LLC |
| 17-10503 | Multiply Media, LLC |
| 17-10504 | Redcan, LLC |
| 17-10506 | RSR Acquisition, LLC |
| 17-10507 | Upbolt, LLC |
| 17-10495 | Webcollage Inc |
| 17-10497 | Answers Corporation |

| | |
|---|---|
| **AS OF DATE :** | **3/15/2017** |
| **PAPER COMPANY** | |
| **INSURED:** | **ANSWERS, INC. & ATS, LLC** |
| **POLICY NUMBER:** | **7837382-01103244** |
| **POLICY PERIOD:** | **9/1/2003 - 2004** |
| **CANCEL DATE:** | |
| **PRODUCER:** | **LOCKTON COMPANIES LLC** |
| | |
| | **PREMIUM AMOUNT** |
| **NEW/RENEWAL PREMIUM** | $73,718.00 |
| **CANCELLATION** | |
| **ENDORSEMENT** | ($15,392.00) |
| **AUDIT PREMIUM** | $24,748.00 |
| **REVISED AUDIT** | |
| | |
| **POLICY PREMIUM** | $83,074.00 |
| | |
| **SURCHARGES/FEES** | |
| **TAXES** | |
| **WAIVED FEES** | |
| **APPLIED FROM POLICY** | |
| **LESS PAYMENTS** | -$74,601.00 |
| **AMOUNT MARKED-OFF** | $8,473.00 |
| | |
| | |
| | |

# POLICY COVER PAGE

**Date Printed:** 03/12/05          **Policy/Quote Number:** WC   783-73-82
**Time Printed:** 070832

| | |
|---|---|
| **Underwriter Name:** | LUCERO, REYNALDO |
| **Issuing Office Division:** | 013 |
| **Issuing Office Branch:** | 52 |
| **Issuing Office Region:** | 005 |
| **Operator Name:** | WASLIK, JENNIFER |
| **Operator Telephone:** | 908-679-3125 |
| **Transaction Type:** | AUDF |
| **Set Copy Name:** | COLLECTION COPY |
| **Set Copy Mailing Instructions:** | |

EPS TRACKING-ID:  WC  00783738200005
JOB-ID:          ***  ANYI620D  ***

WC 99 06 09  (Ed. 01/97)        *Archive Copy*

**AMERICAN HOME ASSURANCE COMPANY**
**WORKERS' COMPENSATION INSURANCE**                  **AUDIT ADVICE**
175 WATER STREET - EXECUTIVE OFFICES, NEW YORK, NY 10038

INSURED    **ANSWERS, INC.**

    **ATTN: CYNTHIA CHAMBLISS**
    **201 E. ELDON ST. STE. 102**
    **HERNDON, VA 20170-0000**

PRODUCER  **LOCKTON COMPANIES INC**
    **444 W 47TH ST**
    **STE 900**
    **KANSAS CITY, MO 64112-4239**

FOR STATE OF:  **Virginia**

POLICY PERIOD
FROM: **09/01/03**   TO: **09/01/04**

AUDIT PERIOD
FROM: **09/01/03**   TO: **09/01/04**
CANCELLED:  [ ] PRO-RATA
           [ ] SHORT RATE

BUREAU ID:  **450496901**

AUDIT TYPE: **PHYSICAL**
ISSUE DATE: **03/12/05**

| DIVISION:  BRANCH: | POLICY NO: | TYPE OF ADJUSTMENT: |
|---|---|---|
| **013**    **PHOENIX** | **WC___783-73-82_____**<br>**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-00** | **FINAL** |

| DESCRIPTION | CODE | EXPOSURE | RATE | PREMIUM |
|---|---|---|---|---|
| **PERIOD:   09/01/03 - 09/01/04** | | | | |
| | | | | |
| **RATING GROUP:  0001-01** | | | | |
| **LOC NO 0001** | | | | |
| **ANSWERS, INC.** | | | | |
| **2015 SPRING ROAD, STE 600** | | | | |
| **OAK BROOK, VA 60523-0000** | | | | |
| | | | | |
| **BUS CO.: ALL OTHER EMPLOYEES & DRIVERS** | **7382** | **1,657,958** | **4.45** | **73,779** |
| | | | | |
| **CLERICAL OFFICE EMPLOYEES NOC.** | **8810** | **15,155** | **0.18** | **27** |
| | | | | |
| **TOTAL CLASSIFICATION PREMIUM** | | | | **73,806** |
| | | | | |
| **TOTAL FOR SPLIT PERIOD:   09/01/03 - 09/01/04** | | | | |
| | | | | |
| **TOTAL CLASSIFICATION PREMIUM** | | | | **73,806** |
| **INCREASE LIMITS**            **3.30%** | **9812** | | | **2,436** |
| **TOTAL UNMODIFIED PREMIUM** | | | | **76,242** |
| **EXPERIENCE PREMIUM        (CONTINGENT)   1.18** | **9898** | | | **13,724** |
| **MODIFIED STANDARD PREMIUM** | | | | **89,966** |

**THIS IS NOT A BILL**

WC990613  (Ed. 4-97) (Rev'd 12/99)

**Archive Copy**

**AMERICAN HOME ASSURANCE COMPANY**

**WORKERS' COMPENSATION INSURANCE**                              **AUDIT ADVICE**

175 WATER STREET - EXECUTIVE OFFICES, NEW YORK, NY 10038

| | |
|---|---|
| INSURED    **ANSWERS, INC.** | **POLICY PERIOD** |
| | FROM: **09/01/03**    TO: **09/01/04** |
| **ATTN: CYNTHIA CHAMBLISS** | |
| **201 E. ELDON ST. STE. 102** | **AUDIT PERIOD** |
| **HERNDON, VA 20170-0000** | FROM: **09/01/03**    TO: **09/01/04** |
| | CANCELLED:  [ ] PRO-RATA |
| PRODUCER  **LOCKTON COMPANIES INC** | [ ] SHORT RATE |
| **444 W 47TH ST** | |
| **STE 900** | BUREAU ID:  **450496901** |
| **KANSAS CITY, MO 64112-4239** | |
| | AUDIT TYPE:  **PHYSICAL** |
| FOR STATE OF:  **Virginia** | ISSUE DATE:  **03/12/05** |

| DIVISION:      BRANCH: | | POLICY NO: | TYPE OF ADJUSTMENT: |
|---|---|---|---|
| **013**      **PHOENIX** | | **WC___783-73-82_____** | **FINAL** |
| | | **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-00** | |

| DESCRIPTION | | CODE | EXPOSURE | RATE | PREMIUM |
|---|---|---|---|---|---|
| **TOTAL FOR STATE Virginia** | | | | | |
| | | | | | |
| **MODIFIED STANDARD PREMIUM** | | | | | **89,966** |
| **UNDISCOUNTED PREMIUM** | | | | | **89,966** |
| **PREMIUM DISCOUNT** | **-10.30%** | **0063** | | | **-9,266** |
| **DISCOUNTED PREMIUM** | | | | | **80,700** |
| **EXPENSE CONSTANT** | | **0900** | | | **160** |
| **TERRORISM RISK INS ACT 2002** | **3.00%** | **9740** | | | **2,214** |
| **TOTAL PREMIUM** | | | | | **83,074** |
| **STATE FINAL TOTAL** | | | | | **83,074** |
| | | | | | |
| **TOTAL VA REMUNERATION:** | **1,673,113** | | | | |

## THIS IS NOT A BILL

WC990613  (Ed. 4-97) (Rev'd 12/03)

*Archive Copy*

**AMERICAN HOME ASSURANCE COMPANY**
**WORKERS' COMPENSATION INSURANCE**
70 PINE STREET - EXECUTIVE OFFICES, NEW YORK, NY 10270

**AUDIT ADVICE SUMMARY**

INSURED  **ANSWERS, INC.**

**ATTN: CYNTHIA CHAMBLISS**
**201 E. ELDON ST. STE. 102**
**HERNDON, VA 20170-0000**

POLICY PERIOD
FROM: **09/01/03**   TO: **09/01/04**

AUDIT PERIOD
FROM: **09/01/03**   TO: **09/01/04**

PRODUCER  **LOCKTON COMPANIES INC**
**444 W 47TH ST**
**STE 900**
**KANSAS CITY, MO 64112-4239**

CANCELLED: [ ] PRO-RATA
[ ] SHORT RATE

AUDIT TYPE: **PHYSICAL**

ISSUE DATE: **03/12/05**

| DIVISION: **013** | BRANCH: **PHOENIX** | POLICY NO: **WC  783-73-82** **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-00** | TYPE OF ADJUSTMENT: **FINAL** |
|---|---|---|---|

| DESCRIPTION | TAXES/ASSESSMENTS/SURCHARGES | PREMIUM |
|---|---|---|
| **CONTINGENT     VA MODIFICATION APPLIED. THIS IS SUBJECT TO REVISION WHEN AN ACTUAL MODIFICATION IS ISSUED BY THE BUREAU.** | | |
| If you have questions about your audit, please call Customer Service at (800) 645-2259 or send inquiries to PO Box 409, Parsippany, NJ 07054-0409. | | |
| **TOTAL POLICY REMUNERATION:      1,673,113** | | |
| AUDIT EARNED PREMIUM AMOUNT | | 83,074 |
| PRIOR ESTIMATED EARNED AMOUNT | | 58,326 |
| TOTAL AP/RP AMOUNT | | 24,748 |
| TOTAL AUDIT ADJUSTMENT | | 24,748 |

## THIS IS NOT A BILL

**PRIOR ESTIMATED EARNED AMOUNT IS THE ORIGINAL POLICY PREMIUM AND ALL PREMIUM BEARING ENDORSEMENTS PLUS INTERIM AUDIT ADJUSTMENTS, IF APPLICABLE.**

**THIS AUDIT ADJUSTMENT DOES NOT REFLECT THE ACTUAL PREMIUM DUE FROM OR TO THE INSURED UNLESS ALL AMOUNTS PREVIOUSLY BILLED HAVE BEEN PAID.**

WC990614
(Ed. 4/97)

*Archive Copy*

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
Christopher T. Greco
Anthony R. Grossi
John T. Weber
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Melissa N. Koss
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
555 California Street
San Francisco, California 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500

*Counsel to the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ANSWERS HOLDINGS, INC., *et al.*,[1] | ) | Case No. 17-10496 (SMB) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF WITHDRAWAL OF ARTSCAPE, INC.'S CLAIM

**PLEASE TAKE NOTICE** that Artscape, Inc.'s claim no. 2, attached hereto as **Exhibit A**, and filed on March 28, 2017 in the above captioned bankruptcy cases, Case No. 17-10496, for the amount of $110.50 is hereby withdrawn with prejudice.  The claim has been satisfied in full.

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:    Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771).  The location of Reorganized Debtor Webcollage Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is:  11 Times Square, 11th Floor, New York, New York 10018.

New York, New York
Dated:  May 9, 2017

By: Caprice Aerts
Title: President
Artscape, Inc.

Fill in this information to identify the case:

Debtor 1    _Answers Holdings, Inc._

Debtor 2
(Spouse, if filing)    _____

United States Bankruptcy Court for the:  Southern District of New York

Case number    _17-10496_

**FILED**

MAR 28 2017

By Rust / Omni, Claims Agent
For U.S. Bankruptcy Court
Southern District of New York

## Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

_Artscape, Inc._
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

_Artscape, Inc._
Name

_4615 Delemere Blvd_
Number    Street

_Royal Oak    MI    48073_
City    State    ZIP Code

Contact phone _248-554-9988_

Contact email _caprice@Artscape plants.com_

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Where should payments to the creditor be sent? (if different)

_____
Name

_____
Number    Street

_____
City    State    ZIP Code

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

496-2
aw

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?** $ _110.50_ . **Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_Lease / Services_

9. **Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecured:** $ _110.50_ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☐ No

☒ Yes. Amount necessary to cure any default as of the date of the petition. $ _110.50_

11. **Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   3 / 24 / 17
                  MM / DD / YYYY

*Signature:* Caprice Aerts
Signature

Print the name of the person who is completing and signing this claim:

Name      Caprice           C.            Aerts
          First name        Middle name   Last name

Title     President

Company   Artscape, Inc.
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   4515   Delemere   Blvd
          Number   Street
          Royal Oak              MI      48073
          City                   State   ZIP Code

Contact phone   248-554-9988    Email   caprice@artscapeplants.com

# ARTSCAPE

4515 Delemere Blvd
Royal Oak, MI 48073

## RENTAL AND HORTICULTURAL SERVICE AGREEMENT

THIS RENTAL AND HORTICULTURAL SERVICE AGREEMENT made this __3/7/13_ by and between ARTSCAPE and Foresee 2500 Green Rd , Suite 400, Ann Arbor, MI 48105

### WITNESSETH

WHEREAS, ARTSCAPE wishes to rent and maintain certain plants and containers to and at and wishes to lease from and obtain the services of ARTSCAPE to maintain these plants and accessories.

NOW, THEREFORE, in consideration of the promises and for other good and other valuable consideration as hereinafter set out, the parties agree as follows:

1.  ARTSCAPE hereby agrees, beginning April 2013, to lease and maintain for the sum of $ 105.00 per month, certain plants, containers and related accessories, a copy of which shall be provided after delivery thereof.

2.  ARTSCAPE agrees to service the plants on a consistent basis. Service shall include watering, pruning, rotating, cleaning, feeding, and otherwise caring for the plants, including, as needed, disease and pest control.

3.  ARTSCAPE guarantees each plant for the term of the Agreement, except under the following circumstances:

    (a)  Damaged or destroyed by fire, freezing, explosion, flooding, etc.
    (b)  Accidental or malicious damage by FORESEE employees, customers, visitors or guests.
    (c)  Watering or other well meant care by FORESEE employees or contractors other than employees of ARTSCAPE
    (d)  Extended heat (>90 degrees), cold (<55 degrees), or power failure of sufficient duration to damage plant health.
    (e)  Theft or disappearance of plants and containers.
    (f)  Moving of plants to a different location than initially specified without ARTSCAPE'S prior approval.
    (g)  Reduction of lighting levels below those which existed at the time of contract approval.
    (h)  Use of chemicals that introduce toxic liquids or toxic gases near or into the soil or plants.
    (i)  Any maintenance option chosen other than a guaranteed maintenance option or lease contract with ARTSCAPE

4.  Under the guarantee, ARTSCAPE agrees to replace, free of charge to FORESEE, any plant that does not remain healthy or otherwise unattractive, except as provided above. Replacements will be made at the discretion of ARTSCAPE as often as required with the original plant type or equal value substitution.

5.  All payments due hereunder from and FORESEE to ARTSCAPE shall be net 45 days, with a service charge equal to 1 ½% per month on all sums due.

6.  The terms of the service provisions of this Agreement shall be thirty six (36) months and shall continue thereafter until terminated as provided below. This AGREEMENT shall automatically be renewed for the same period of time unless ARTSCAPE is notified, to the contrary, in writing, thirty (30) days in advance of the expiration of the then current term. Either party may cancel the terms of this Agreement with a sixty (60) day written notice to the other party. In the event FORESEE cancels this Agreement prior to the expiration of the then current term, and FORESEE shall be responsible for payment of the remaining monies due under the then current lease.

    FORESEE agrees to pay ARTSCAPE the sum of $ 385.00 simultaneous with the signing of this Rental and Horticultural Service Agreement, which represents payment for the first month of this rental and the supplies and labor to install all the plants and containers.

7.  ARTSCAPE shall not raise FORESEE monthly fee during the initial twelve (12) months of this agreement unless and FORESEE adds plants to its account. Thereafter, ARTSCAPE will not increase the monthly fee unless it is previously discussed and agreed upon with FORESEE.

8.  All plants and containers covered by this Agreement are rented and are the exclusive property of ARTSCAPE.

IN WITNESS WHEREOF, the parties have executed this AGREEMENT, the date first written above.

ARTSCAPE

_____
CAPRICE AERTS /President

CLIENT

_____ 3-13-2013  V.P.
Name and Title

Cia McCaffey ,VP

I

# Invoice

**Artscape Inc.**
4515 Delemere Blvd.
Royal Oak, MI 48073

(248) 554-9988

Bill To:

| **Invoice #:** | 00040738 |
|---|---|
| **Date:** | 3/1/17 |

| | |
|---|---|
| ForeSee Results, Inc.<br>2500 Green Road Ste. 400<br>Ann Arbor, MI 48105 | ForeSee Results, Inc.<br>2500 Green Road Ste. 400<br>Ann Arbor, MI 48105 |

| Description | Amount | Tax |
|---|---|---|
| Long Term Lease with Horticultural Service for the month | $110.50 | |

Your Order #:

Terms: Net 30

Note: Thank you!

Aging Date: 3/21/17

| | |
|---|---|
| Freight: | $0.00 |
| Tax: | $0.00 |
| Total Amount: | $110.50 |
| Balance Due: | $110.50 |

Aging Date: 3/21/17

| 30 DAYS | 60 DAYS | 60+ DAYS | TOTAL OWED |
|---|---|---|---|
| | | | $110.50 |

THANK YOU FOR YOUR BUSINESS!

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| ANSWERS HOLDINGS, INC., *et al.*,[1] | ) |
| | ) Case No. 17-10496 (SMB) |
| Reorganized Debtors. | ) |
| | ) (Jointly Administered) |

## NOTICE OF WITHDRAWAL OF CT CORPORATION CLAIM

**PLEASE TAKE NOTICE** that the Claim filed by CT Corporation ("*CT*"), claim No. 6, attached hereto as **Exhibit A**, and filed on April 12, 2017 in the above captioned bankruptcy cases, Case No. 17-10496, for the amount of $599.30 (the "*Claim*") is hereby withdrawn with prejudice. The Claim is satisfied.

New York, New York
Dated: July 2\[?\], 2017

By: Carolyn Vartanian
Title: Manager of Collections

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:   Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771).  The location of Reorganized Debtor Webcollage Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is:  11 Times Square, 11th Floor, New York, New York 10018.

## EXHIBIT A

**Withdrawn Claims**

| Fill in this information to identify the case: |
|---|

| Debtor 1 | Answers Corporation |
|---|---|
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number | 17-10496 |



RECEIVED
APR 1 2 2017

## Official Form 410
# Proof of Claim
12/15

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

CT Corporation
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| CT Corporation System<br>Name | CT Corporation System<br>Name |
| P.O. Box 4349<br>Number        Street | 111 Eighth Ave 13-Floor<br>Number        Street |
| Carol Stream    IL    60197<br>City        State        ZIP Code | New York    NY    10011<br>City        State        ZIP Code |
| Contact phone (212) 894-8809 | Contact phone (212) 894-8809 |
| Contact email carolyn.vartanian@wolterskluwer.co | Contact email carolyn.vartanian@wolterskluwer.co |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _4_ _4_ _2_ _8_ |
| 7. **How much is the claim?** | $ _____599.30___. Does this amount include interest or other charges?<br>    ☑ No<br>    ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Services Provided _____ |
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes.  The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**        $_____<br>**Amount of the claim that is secured:**    $_____<br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**    $_____<br><br>**Annual Interest Rate (when case was filed)** _____%<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____ |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
| | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

### Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  4 / 6 / 2017
　　　　　　　　　 MM / DD / YYYY

_Carolyn Vartanian_
Signature

Print the name of the person who is completing and signing this claim:

| Name | Carolyn | | Vartanian |
| | First name | Middle name | Last name |
| Title | Manager of Collections | | |
| Company | CT Corporation | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 111 Eighth Ave 13-floor | | |
| | Number　　Street | | |
| | New York | NY | 10011 |
| | City | State | ZIP Code |
| Contact phone | (212) 894-8809 | Email | carolyn.vartanian@wolterskluwer.co |

**CT Corporation**
www.ctcorporation.com

# Annual Invoice for
# Statutory Representation

## Revised

Bart Cloyd
Answers Corporation
6665 Delmar Blvd Ste 3000
Saint Louis MO 63130-4544

We've performed a preliminary record search to provide you with your business structure status below; however, CT does not guarantee the accuracy of this information, nor do we guarantee it covers all business structure types in all jurisdictions. For official verification, check the state records for the state in question.

| **QUESTIONS? GET IN TOUCH:** | CT Service Team 6 - GA | INVOICE NUMBER | INVOICE DATE |
|---|---|---|---|
| *(See last page of this invoice for address changes)* | 1201 Peachtree St NE Ste 1240 Atlanta GA 30361-3514 Email: CTService6@wolterskluwer.com Tel (404)965-3787 | **5002932601-01** | 04/01/16 |
| | | PERIOD COVERED | AMOUNT DUE |
| | | 05/01/16 to 04/30/17 | **$ 359.58** |

(Federal Tax ID# 51-0006522)

Page 1 of 2, CTAdvantage.com

| | CURRENT STATE STATUS^ | PRICE | AMOUNT DUE |
|---|---|---|---|
| **Foresee Results, Inc. (DE)** | | | |
| (CT account number 9100788276) | | | |
| *Indiana-* | | | |
| Foreign Representation (07/01/16 to 04/30/17) | Currently Unavailable | 199.77 | |
| *Ohio-* | | | |
| Foreign Representation (09/01/16 to 04/30/17) | Active | 159.81 | |
| **SUBTOTAL** | | **359.58** | **359.58** |

Status terminology may differ from state to state as it relates to active, inactive, or non-compliance. Please contact your service team above should you have any questions regarding the status of your entity.

## INVOICE SUMMARY

| | Price | $ 359.58 |
|---|---|---|

| Total Savings on this Invoice   $ 84.42 | **TOTAL AMOUNT DUE** | **$ 359.58** |
|---|---|---|

**SERVICES COVERED:**  This invoice includes CT Registered Agent representation within the aforementioned states.  A Registered Agent is required by law to receive service of process (lawsuits), legal notices, and other state mandates on your behalf. In addition to CT, any member of your organization may act as your Agent; however, if you do not renew the services outlined and fail to maintain a Registered Agent, the state may revoke your right to do business.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

To pay by mail, detach and return this stub with your payment. For proper credit, indicate your **complete invoice number, including the two characters following the invoice number,** on the check.

**SEND PAYMENTS TO:**   CT Corporation
PO Box 4349
Carol Stream IL 60197-4349

Pay online at CTCorporation.com   *VISA*      AMERICAN EXPRESS

| INVOICE NUMBER | INVOICE DATE |
|---|---|
| **5002932601-01** | 04/01/16 |
| PERIOD COVERED | AMOUNT DUE |
| 05/01/16 to 04/30/17 | **$ 359.58** |

Bart Cloyd
Answers Corporation
6665 Delmar Blvd Ste 3000
Saint Louis MO 63130-4544

**Payment due upon receipt.**

402  1  00008684428  15460894  9073  000035958  05318136  6579  3

# CT Corporation
www.ctcorporation.com

## Annual Invoice for Statutory Representation

### Revised

We've performed a preliminary record search to provide you with your business structure status below; however, CT does not guarantee the accuracy of this information, nor do we guarantee it covers all business structure types in all jurisdictions. For official verification, check the state records for the state in question.

Bart Cloyd
Answers Corporation
6665 Delmar Blvd Ste 3000
Saint Louis MO 63130-4544

| QUESTIONS? GET IN TOUCH: | CT Service Team 6 - GA | INVOICE NUMBER | INVOICE DATE |
|---|---|---|---|
| (See last page of this invoice for address changes) | 1201 Peachtree St NE Ste 1240 Atlanta GA 30361-3514 Email: CTService6@wolterskluwer.com Tel (404)965-3787 | **5002932496-01** | 04/01/16 |
| | | PERIOD COVERED 05/01/16 to 04/30/17 | AMOUNT DUE **$ 239.72** |

(Federal Tax ID# 51-0006522)

Page 1 of 2, CTAdvantage.com

| | CURRENT STATE STATUS^ | PRICE | AMOUNT DUE |
|---|---|---|---|
| **EASY2 TECHNOLOGIES, INC. (DE)** | | | |
| (CT account number 9100590361) | | | |
| *Ohio-* | | | |
| Foreign Representation | Active | 239.72 | |
| **SUBTOTAL** | | **239.72** | **239.72** |

Status terminology may differ from state to state as it relates to active, inactive, or non-compliance. Please contact your service team above should you have any questions regarding the status of your entity.

## INVOICE SUMMARY

Price    **$ 239.72**

Total Savings on this Invoice    **$ 56.28**    **TOTAL AMOUNT DUE**    **$ 239.72**

**SERVICES COVERED:**    This invoice includes CT Registered Agent representation within the aforementioned states. A Registered Agent is required by law to receive service of process (lawsuits), legal notices, and other state mandates on your behalf. In addition to CT, any member of your organization may act as your Agent; however, if you do not renew the services outlined and fail to maintain a Registered Agent, the state may revoke your right to do business.

------------------------------------------------------------------------------

To pay by mail, detach and return this stub with your payment.
For proper credit, indicate your **complete invoice number, including the two characters following the invoice number,** on the check.

**SEND PAYMENTS TO:**    CT Corporation
PO Box 4349
Carol Stream IL 60197-4349

Pay online at CTCorporation.com   

| INVOICE NUMBER | INVOICE DATE |
|---|---|
| **5002932496-01** | 04/01/16 |
| PERIOD COVERED 05/01/16 to 04/30/17 | AMOUNT DUE **$ 239.72** |

Bart Cloyd
Answers Corporation
6665 Delmar Blvd Ste 3000
Saint Louis MO 63130-4544

**Payment due upon receipt.**

402  1  00008684428  15460893  9073  000023972  05318135  6579  1

State of California
Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

To: CHRISTOPHER J KOCHMAN
tel 212.446.4854
fax 212.446.4900

From: DEBORAH TROUTT
tel 916.845.3316
fax 916.845.9799

# Fax Transmittal

07.26.17

Re:  PROOF OF CLAIMS WITHDRAWALS

Section or Division    tel 916.845.4750          chair Betty T. Yee
                       fax 916.845.9799          member Diane L. Harkey
                       ftb.ca.gov               member Michael Cohen

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
Christopher T. Greco
Anthony R. Grossi
John T. Weber
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

- and -

Melissa N. Koss
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
555 California Street
San Francisco, California 94104
Telephone:     (415) 439-1400
Facsimile:      (415) 439-1500

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ANSWERS HOLDINGS, INC., *et al.*,[1] | ) Case No. 17-10496 (SMB) |
| | ) |
| Reorganized Debtors. | ) (Jointly Administered) |
| | ) |

## NOTICE OF WITHDRAWAL OF FULTON
## COUNTY TAX COMMISSIONER'S CLAIM

**PLEASE TAKE NOTICE** that the Fulton County Tax Commissioner's claim no. 1, attached hereto as **Exhibit A**, and filed on March 22, 2017 in the above captioned bankruptcy cases, Case No. 17-10496, for the amount of $585.37 is hereby withdrawn with prejudice. The Fulton County Tax Commissioner hereby reserves all rights in

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:    Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771). The location of Reorganized Debtor Webcollage Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is:    11 Times Square, 11th Floor, New York, New York 10018.

connection with his tax claim, including his right to seek collection of his tax claim, under applicable non-bankruptcy law, or in the ordinary course of business.

.

Atlanta, Georgia
Dated: July 25, 2017

By: Pat D. Dixon, Jr.
Title: Attorney for the
Fulton County Tax Commissioner

# EXHIBIT A

## Withdrawn Claim

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| In re (Name of Debtor): ANSWERS HOLDINGS, INC. ET AL. CONTINGENT CLAIM | Case Number: 17-10496 Chapter # 11 |
|---|---|

NOTE: This form should be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C 503.

| Name of the Creditor: FULTON COUNTY TAX COMMISSIONER | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and Address where Notices Should be Sent: 141 PRYOR ST SUITE 1113 ATLANTA, GA 30303 Telephone Number:  (404) 730-6100 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. ☐ Check box if this address differs from the address on the envelope sent to you by the court. |

THIS SPACE IS FOR COURT USE ONLY

| Account or other number by which creditor identifies debtor: P20150003049 | Check here if this claim ☐ replaces   a previously filed claim dated: _____ ☐ amends |
|---|---|

**1. BASIS FOR CLAIM:**
- ☐ Goods Sold
- ☐ Services Performed
- ☐ Money Loaned
- ☐ Personal Injury/Wrongful Death
- ☒ Taxes
- ☐ Other

- ☐ Retiree benefits as defined in 11 U.S.C. 1114(a)
- ☐ Wages, salaries, and compensation (Fill out below)
  Your SS#: _____
  Unpaid compensation for services performed
  from _____ (Date) to _____ (Date)

**2. DATE DEBT WAS INCURRED:**
2017

**3. IF COURT JUDGEMENT, DATE OBTAINED:**

**4. CLASSIFICATION OF CLAIM:** Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM  $0.00
Attach evidence of perfection of security interest
Brief  description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other: _____

Value of Collateral  $ $0.00
Amount of arrearage and other charges at time case filed included in secured claim above, if any  $0.00

☐ UNSECURED NONPRIORITY CLAIM _____
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☒ UNSECURED PRIORITY CLAIM  $585.37
☐ Specify the priority of the claim:
Wages, salaries, or commissions (up to $4650* earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier) - 11 U.S.C. 507(A)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. 507(A)(4).
☐ Up to $2100* of deposits toward purchase, lease, or  rental of property or services for personal, family or household use 11 U.S.C. 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. 507(a)(7).
☐ Taxes or penalties of governmental units - 11 U.S.C. 507(a)
☐ Other - Specify applicable paragraph of 11 U.S.C. 507(a) _____

*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:**

| $0.00 (Unsecured) | $0.00 (Secured) | $585.37 (est.) (Priority) | $585.37 |
|---|---|---|---|

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges

**6. CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

THIS SPACE IS FOR COURT USE ONLY

**7. SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgements, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. TIME-STAMPED COPY:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date: MAR 22, 2017 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. 152 AND 3571.

MAR 22, 2017



PARID: P20150003049
ADDRESS: 990 HAMMOND DR STE 3000

ROLL: RE

NAME: FORSEE RESULTS INC

Summary (may include Interest, Penalty, and/or Fees)

| Tax Year | Cycle | Taxes |
|---|---|---|
| 2017 | CIT | $81.66 |
| 2017 | FUL | $503.71 |

TOTAL **$585.37**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ANSWERS HOLDINGS, INC., *et al.*,[1] | Case No. 17-10496 (SMB) |
| Reorganized Debtors. | (Jointly Administered) |

## NOTICE OF WITHDRAWAL OF COMMONWEALTH
## OF KENTUCKY DEPARTMENT OF REVENUE CLAIM

**PLEASE TAKE NOTICE** that the Commonwealth of Kentucky Department of Revenue's claim No. 2, attached hereto as **Exhibit A**, and filed on June 13, 2017 in the above captioned bankruptcy cases, Case No. 17-10497, for the amount of $20,979.69 is hereby withdrawn with prejudice. The Commonwealth of Kentucky Department of Revenue hereby reserves all rights in connection with its tax claim, including its right to seek collection of its tax claim.

New York, New York
Dated: July 19, 2017

By: _____
Title: Revenue Collection Officer
Commonwealth of Kentucky Department of Revenue

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771). The location of Reorganized Debtor Webcollage Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is: 11 Times Square, 11th Floor, New York, New York 10018.

| Fill in this information to identify the case: |
|---|

Debtor 1     __ANSWERS CORPORATION__

Debtor 2     _____
(Spouse, if filing)

U S BANKRUPTCY COURT - SOUTHERN DISTRICT OF NEW YORK - NEW Y

Case number    __17-10497__

**FILED**

**JUN 13 2017**

By Rust / Omni, Claims Agent
For U.S. Bankruptcy Court
Southern District of New York

## Official Form 410

# Proof of Claim

**12/15**

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Commonwealth of Kentucky Department of Revenue
_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Kentucky Department of Revenue Legal Support Branch
Name
PO Box 5222
Number    Street

Frankfort      KY     40602
City       State      ZIP Code

Contact phone   (502) 564 - 4921

Contact email   Michael.Hornback@KY.gov

**Where should payments to the creditor be sent? (if different)**

Name
Number    Street

City       State      ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

497 -2

cS

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**

☐ No

☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __9 9 5 3__

---

**7. How much is the claim?** $ _$20,979.69_____. **Does this amount include interest or other charges?**

☐ No

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

__See Attached Schedule of Tax Liability_____

---

**9. Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☒ Yes. Identify the property: _Any potential funds owed to debtor from the Commonwealth of Kentucky per KRS 44.030_

---

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☒ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ $17,779.69 |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   06/07/2017
                   MM / DD / YYYY

/s/ Thomas Wolfe
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | | | |
|---|---|---|---|
| | Thomas | | Wolfe |
| | First name | Middle name | Last name |
| Title | Revenue Program Officer | | |
| Company | Kentucky Department of Revenue | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | PO Box 5222 | | |
| | Number        Street | | |
| | Frankfort | KY | 40602 |
| | City | State | ZIP Code |
| Contact phone | (502) 564 -4921 ext. 4028 | Email | Thomas.Wolfe@ky.gov |

ANSWERS CORPORATION
Case Number: 000889953

## KENTUCKY DEPARTMENT OF REVENUE
### Claims Due

| Period Ending | Notice Number | Tax Liability | Interest | Penalty and Fees | Credit if Applicable | Total Due | Entitled to Priority | Reason |
|---|---|---|---|---|---|---|---|---|
| **Corp. Income Tax Account: 000364619 - Per KRS 141.040** | | | | | | | | |
| 12/31/2014 | 108703886 | $15,000.00 | $1,668.46 | $3,000.00 | $0.00 | $19,668.46 | $16,668.46 | 3 Year Rule |
| **Total Due for Corp. Income** | | **$15,000.00** | **$1,668.46** | **$3,000.00** | **$0.00** | **$19,668.46** | **$16,668.46** | |
| **Limited Liability Entity Tax Account: 000364619 - Per KRS 141.0401** | | | | | | | | |
| 12/31/2014 | 108703885 | $1,000.00 | $111.23 | $200.00 | $0.00 | $1,311.23 | $1,111.23 | 3 Year Rule |
| **Total For LLET** | | **$111.23** | **$111.23** | **$200.00** | **$0.00** | **$1,311.23** | **$1,111.23** | |
| **Grand Total** | | **$15,111.23** | **$1,779.69** | **$3,200.00** | **$0.00** | **$20,979.69** | **$17,779.69** | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ANSWERS HOLDINGS, INC., *et al.*,[1] | ) | Case No. 17-10496 (SMB) |
|  | ) |  |
| Reorganized Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### NOTICE OF WITHDRAWAL OF OHIO DEPARTMENT OF TAXATION CLAIM

**PLEASE TAKE NOTICE** that the Ohio Department of Taxation claim No. 1, attached hereto as **Exhibit A**, and filed on June 12, 2017 in the above captioned bankruptcy cases, Case No. 17-10498, for the amount of $7,950.31 is hereby withdrawn with prejudice.  The Ohio Department of Taxation hereby reserves all rights in connection with its tax claim, including its right to seek collection of its tax claim.

New York, New York
Dated:  July _19_, 2017

By: _Rebecca L. Daum_
Title: _Attorney / Administrator_
Ohio Department of Taxation

---

[1]  The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771).  The location of Reorganized Debtor Webcollage Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is:  11 Times Square, 11th Floor, New York, New York 10018.

## EXHIBIT A

**Withdrawn Claim**

## U.S. BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK, NEW YORK DIVISION
### AT NEW YORK

**FILED**

**JUN 12 2017**

By Rust / Omni, Claims Agent
For U.S. Bankruptcy Court
Southern District of New York

### PROOF OF CLAIM - OHIO DEPARTMENT OF TAXATION

IN RE:   **EASY2 TECHNOLOGIES INC**          Chapter 11
          **1220 HURON RD E STE 7**           Case No: 17-10498
          **CLEVELAND, OH 44115-1711**         Claim Date: May 26, 2017

The undersigned, whose office address is at 30 East Broad Street, Columbus, OH 43215-3414, is the duly appointed agent of the Tax Commissioner of the State of Ohio and is authorized to make this Proof of Claim on behalf of the claimant.

The debtor is now indebted to the State of Ohio in the amount set forth below, as follows:

1  **Sales Tax**          **Assessment No: 100000666514**                    Estimate

   1.  Tax Due for 12/01/2016-12/31/2016
   2.  Total Amount of Tax Due                          $      2,000.00   Priority
   3.  Total Amount of Interest to Petition Date      $          8.55   Priority
   4.  Total Amount of Penalty Due                     $        970.00   Unsecured
   5.  Total Amount of Assessment                      $      2,978.55

2  **Sales Tax**          **Assessment No: 100000711320**                    Estimate

   1.  Tax Due for 01/01/2017-01/31/2017
   2.  Total Amount of Tax Due                          $      2,000.00   Priority
   3.  Total Amount of Interest to Petition Date      $          1.76   Priority
   4.  Total Amount of Penalty Due                     $        970.00   Unsecured
   5.  Total Amount of Assessment                      $      2,971.76

3  **Sales Tax**          **Assessment No: 100000711319**                    Estimate

   1.  Tax Due for 02/01/2017-02/28/2017
   2.  Total Amount of Tax Due                          $      2,000.00   Priority
   3.  Total Amount of Interest to Petition Date      $          0.00   Priority
   4.  Total Amount of Penalty Due                     $          0.00   Unsecured
   5.  Total Amount of Assessment                      $      2,000.00

   **Total Priority Claim**                 $      6,010.31
   **Total Secured Claim**                  $          0.00
   **Total General Unsecured Claim**        $      1,940.00
   **TOTAL AMOUNT DUE**                     $      7,950.31

"Estimated" claims are filed when the Debtor has not filed all required returns. When the returns are filed, the claims will be adjusted as necessary. Please send the returns to the undersigned.

The amount of all payments have been credited and deducted for the purpose of making this Proof of Claim.

BKPC0001
Contact ID: 0072100803

1 of 2

4078-1
CS

The tax and interest claims listed above are entitled to Priority in accordance with 11 U.S.C. § 507 (a)(8) except as specifically set forth as a General Unsecured claim. Any Penalty is a General Unsecured claim not otherwise entitled to Priority, except to the extent provided by 11 U.S.C. § 507(a)(8)(G).

Leave is requested to amend this Proof of Claim at a later date should any increased tax deficiency be disclosed or discovered.

/s/Rebecca L. Daum
0046728
Attorney/Administrator
Bankruptcy Division
Ohio Department of Taxation
PO Box 530, Columbus, OH 43216-0530
Phone: 1-614-752-6864
Fax: 1-614-995-0164
TTY/TDD Phone: 1-800-750-0750
Email: rebecca.daum@tax.state.oh.us
Alternate Email: shelly.todd@tax.state.oh.us

### NOTICE

All checks in payment of this claim should be made payable and forwarded to the Attorney General of the State of Ohio, Collection Enforcement, 150 E Gay Street,  21st Floor, Columbus, OH 43215.

All notices, pleadings and filings relating to this claim should also be forwarded to the Attorney General's office, at the above address and copied to the Ohio Department of Taxation, C/O Rebecca L. Daum at the undersigned address.

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
Christopher T. Greco
Anthony R. Grossi
John T. Weber
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Melissa N. Koss
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
555 California Street
San Francisco, California 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500

*Counsel to the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ANSWERS HOLDINGS, INC., *et al.*,[1] | ) | Case No. 17-10496 (SMB) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF WITHDRAWAL OF PMC TREASURY INC.'S CLAIM

**PLEASE TAKE NOTICE** that PMC Treasury Inc.'s claim no. 3, attached hereto as **Exhibit A**, and filed on March 24, 2017 in the above captioned bankruptcy cases, Case No. 17-

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:   Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771).   The location of Reorganized Debtor Webcollage Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is:  11 Times Square, 11th Floor, New York, New York 10018.

10496, for the amount of $1,500 is hereby withdrawn with prejudice.  The claim has been satisfied in full.

New York, New York
Dated:  May 9, 2017

By: Chris Danielian

Title: Managing Director

PMC Treasury Inc.

## EXHIBIT A

**Withdrawn Claim**

**FILED**

MAR 24 2017

By Rust / Omni, Claims Agent
For U.S. Bankruptcy Court
Southern District of New York

| Fill in this information to identify the case: |
| --- |
| Debtor 1 _____ |
| Debtor 2 _____<br>(Spouse, if filing) |
| United States Bankruptcy Court for the:  Southern District of New York |
| Case number _____ |

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

PMC TREASURY INC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

PMC TREASURY INC
Name

708, 3RD AVENUE, 20TH FLOOR
Number     Street

NEW YORK    NY    10017
City          State        ZIP Code

Contact phone  212 532 0789

Contact email  chris.danielian@pmctreasury.com

Where should payments to the creditor be sent? (if different)

_____
Name

_____
Number     Street

_____
City          State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/_____
                                                                      MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

496-3 ah.

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| 7. How much is the claim? | $ _1,500_ . Does this amount include interest or other charges?<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_Hedge Accounting Services performed_ |

| | |
|---|---|
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>Nature of property:<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>Basis for perfection: _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:                          $_____<br>Amount of the claim that is secured:    $_____<br>Amount of the claim that is unsecured:  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:    $_____ . _____<br><br>Annual Interest Rate (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____ |

| | |
|---|---|
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | Amount entitled to priority |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $600,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 167, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  03/17/2017
                   MM / DD / YYYY

_Signature_

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Chris                          Danielian |
| | First name      Middle name      Last name |
| Title | Managing Director |
| Company | PMC Treasury Inc. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 708 Third Avenue, Suite 2010 |
| | Number    Street |
| | New York          NY      10017 |
| | City              State    ZIP Code |
| Contact phone | 212-624-0483      Email   Chris.danielian@pmctreasury.com |

Official Form 410                         Proof of Claim                              page 3



**TREASURY**

Our expertise. Your advantage

The Commerce Building
708 Third Avenue
20th Floor
New York
NY 10017

t: +1 212 532 0789
pmctreasury.com

# Invoice

| | |
|---|---|
| Invoice: | **PM01626** |
| Our Ref: | HVS0034 |
| Date: | 31st December 2016 |
| To: | Answers Corporation |
| | 6665 Delmar Boulevard |
| | Suite 300 |
| | St. Louis |
| | MO 63130 |

For the Attention of: **Matt Derdeyn**

| **For:** | **USD** |
|---|---|
| Ongoing hedge accounting effectiveness testing and related deliverables for period ending 31st December 2016. | 1,500.00 |
| **Total:** | **USD 1,500.00** |

Bank: J P Morgan Chase Bank NA, New York, NY
Account name: PMC Treasury Inc.
Account no.: 957350805
Routing no.: 021000021
Swift code: CHASUS33



PMC Treasury Inc
708 Third Avenue
Suite 2010
New York
NY 10017
t. +1 212 532 0789
f. +1 212 532 0709

Matt Derdeyn
Chief Financial Officer
Answers Corporation
6665 Delmar Boulevard, Suite 300
St. Louis, Missouri 63130

19, November 2014

Dear Matt,

## Hedge Valuation Service Proposal

We are writing to confirm the work that PMC would be pleased to undertake for Answers Corporation (the "Company" or the "Client") with respect to the US GAAP hedge accounting support and hedge valuation support that the Company is considering for the interest rate hedge for a portion of its Term Loan debt.

As we have previously discussed, PMC's Hedge Valuation Service ("HVS") team of professionals can provide US GAAP hedge accounting support and analysis customised for specific client needs. Furthermore, by maintaining close working relationships with the 'Big Four' accounting firms, we are able to address specific client issues and remain abreast of any on-going communications and industry developments.

Achieving US GAAP hedge accounting can be challenging because it requires the application of historical market and credit data. However, by virtue of our experience in valuing derivatives and loans together with tracking market credit spreads, PMC is able to perform the analysis necessary for US GAAP compliance.

### Scope and Approach

On this engagement, the tasks that PMC will complete for the Company may include:

- Preparing a hedge designation memorandum;
- Preparation of hedge effectiveness analysis and testing;
- Preparation of reports and journal entries;
- Reviewing reports and methodology with the Company's auditors; and
- Providing quarterly valuation and hedge compliance updates.



## TERMS OF BUSINESS

The following terms apply to all consultancy services ("**Services**") provided by PMC Treasury Inc. ("**PMC**") for a client ("**Client**").

1. Invoices are subject to any applicable sales, use or other transaction taxes. **All invoices are due for payment upon presentation**.

2. The Client will reimburse PMC for all reasonable expenses incurred in the course of the Services (including, without limitation, travel, accommodation and subsistence while travelling and/or working away from our home office). Where a vehicle is used mileage will be charged at the prevailing per mile rate allowed by the IRS. If travelling by air or train this will be business class or its equivalent. Client will also be responsible for and will pay or reimburse PMC for any sales, use or any similar transaction taxes determined to be owing with respect to the services provided under this agreement.

3.1. In connection with the Services the Client shall:

   (a) co-operate with PMC in all matters relating to the Services;
   (b) provide PMC, its agents, sub-contractors, consultants and employees, in a timely manner and at no charge, with access to the Client's premises, data and other facilities reasonably required by PMC;
   (c) provide to PMC, in a timely manner, such material and other information as PMC may reasonably require and ensure that it is accurate in all material respects and that it may be used by PMC for the purpose of the Services.

3.2 If PMC's performance of the Services is prevented or delayed by any act or omission of the Client, its agents, sub-contractors, consultants or employees, PMC shall not be liable for any costs, charges or losses sustained or incurred by the Client arising directly or indirectly from such prevention or delay.

4. All forecasts and recommendations contained in PMC's reports and other materials are made in good faith and on the basis of information available to PMC at the time of the Services. Before any recommendations are implemented, the Client should consult independent accounting and tax advisers.

5. As between the Client and PMC, all intellectual property rights and all other rights in reports and other material prepared by PMC in the course of the Services are owned by PMC. Upon payment in full of all invoices issued hereunder in respect of the Services, PMC licenses all such rights to the Client free of charge and on a non-exclusive, worldwide basis to such extent as is necessary to enable the Client to make reasonable use of such reports and other materials within its organization by reference to the nature of the Services provided by PMC.



Any other use by the Client of such reports and other materials requires the prior written permission of PMC (such permission not to be unreasonably withheld or delayed).

6.1     For a period of 36 months from the date of first disclosure, each party shall: (a) keep in strict confidence all information in whatever form (including without limitation, written, oral, visual or electronic form, or on tape or disk) relating to the business or affairs of the other party, that is directly or indirectly disclosed to that party or any of its representatives by any agent or employee of the other party or which comes to that party's attention during the course of the Services and which is clearly identified in writing as confidential at the time of disclosure or, if disclosed orally, identified as confidential at the time of disclosure and confirmed in writing by the disclosing party within 10 days of the oral disclosure (**Confidential Information**); (b) use Confidential Information only for the purpose of undertaking and completing the Services; (c) not directly or indirectly disclose Confidential Information in whole or in part to any person (or allow it to be disclosed) or make copies of it unless permitted by this Agreement; (d) use all reasonable endeavors to ensure that no one discovers Confidential Information unless authorized; and (e) inform the other party immediately upon becoming aware or suspecting that an unauthorized person has become aware of Confidential Information. This Agreement will not apply to information that (i) is publicly available or becomes publicly available other than as a result of any act or omission on the part of the recipient party; or (ii) was known to the recipient party prior to disclosure by the disclosing party; or (iii) is legally disclosed to the recipient party by a third party that owes no obligation of confidentiality to the disclosing party;  or (iv) is developed by the recipient party independently without reference to or use of the Confidential Information.

6.2     Either party may disclose such Confidential Information: (a) to its employees, officers, representatives, advisers, agents or subcontractors who need to know such information for the purposes of carrying out that party's obligations under this Agreement; and (b) as may be required by law, court order or any governmental or regulatory authority.

6.3     Each party shall ensure that its employees, officers, representatives, advisers, agents or subcontractors to whom it discloses such information comply with this paragraph 6.

7.1     During the term of the Services and until the expiry of the date 12 months after the later to occur of (a) the conclusion of the Services (as determined by PMC, acting reasonably) and (b) termination of the Agreement, the Client shall not (without the prior written consent of PMC) solicit, offer work to or entice away from PMC or employ or contract with (or attempt to employ or contract with), whether directly or indirectly, any person who is, or has been, engaged as an employee, consultant or sub-contractor of PMC in the provision of the Services.



7.2   Any consent given by PMC in accordance with paragraph 7.1 shall be subject to the Client paying to PMC a sum equivalent to one hundred days' fees for such person calculated at the rate applicable to the Services carried out by PMC for the Client.

8.1   Without prejudice to any other rights or remedies which the parties may have, either party may terminate this Agreement without liability to the other immediately on giving notice to the other if:

(a)   the other party fails to pay any amount due under this Agreement on the due date for payment and remains in default not less than 7 days after being notified in writing to make such payment; or

(b)   the other party commits a material breach of any of the terms of this Agreement and (if such a breach is remediable) fails to remedy that breach within 30 days of that party being notified in writing of the breach; or

(c)   the other party suspends, or threatens to suspend, payment of its debts or is unable (or deemed unable) to pay its debts as they fall due or admits inability to pay its debts; or

(d)   the other party goes into bankruptcy, whether by voluntary or involuntary petition or if a receiver or trustee is appointed in respect of the whole or any part of its assets or if the other party makes an assignment for the benefit of or composition with its creditors generally or threatens to do any of these things or any similar occurrence under any jurisdiction affecting the other party.

8.2   On termination of the Agreement for any reason:

(a)   the Client shall immediately pay to PMC all of PMC's outstanding unpaid invoices and, in respect of services supplied but for which no invoice has been submitted, PMC may submit an invoice, which shall be payable immediately on receipt; and

(b)    the accrued rights and liabilities of the parties as at termination and the continuation of any provision expressly stated to survive or implicitly surviving termination, shall not be affected.

8.3   Neither party shall be liable for any failure in the performance of any of its obligations under this Agreement caused by factors outside its control, and in such circumstances the affected party shall be entitled to a reasonable extension of the time for performing such obligations.

9.1   Neither party shall be liable to the other, whether in contract, tort (including negligence), breach of statutory duty, or otherwise for any loss of profit, loss of business opportunity, or special, indirect or consequential damage suffered by the other party that arises under or in connection with this Agreement.



9.2      Without prejudice to paragraph 9.1, PMC's total liability, and the Client's sole and exclusive
         remedy, under or in connection with this Agreement in respect of the performance of the
         Services whether arising in contract, tort (including negligence), breach of statutory duty, or
         otherwise shall be limited to, in PMC's discretion, either:

         (a) re-performance by PMC of the relevant element of the Services giving rise to the liability;
             or
         (b) a refund by PMC to the Client of that portion of the fees paid to PMC by the Client
             relating to the relevant element of the Services giving rise to the liability;

PROVIDED ALWAYS THAT PMC's total aggregate liability under or in connection with this
Agreement in respect of the performance of the Services or otherwise shall not in any event exceed
the amount of fees received by PMC in relation to the Services.

9.3      No claim of any nature under or in connection with this Agreement may be brought by either
         party more than one year after the existence of the cause of action has become known to the
         party who would otherwise have grounds to bring a claim, except in relation to any claim
         regarding a breach of confidentiality which may be brought at any time.

10       PMC reserves the right to perform the Services (in whole or in part) by any PMC group
         company and, where this is the case, such group company shall be entitled to avail itself of
         any protection afforded to PMC under this Agreement.  Subject to the preceding statement
         and notwithstanding any other provision of this Agreement, this Agreement is not intended to,
         and does not, give any person or entity not a party to it any right to enforce any of its
         provisions.

11       Each party acknowledges that these Terms of Business together with the Fee Proposal Letter
         issued by PMC in relation to the relevant Services contains the whole agreement between the
         parties and that it has not relied upon any oral or written representation made to it by the
         other or its employees or agents and has made its own independent investigations into all
         matters relevant to it.

12       This Agreement and any non-contractual obligations arising out of or in connection with this
         Agreement shall be governed by and construed in accordance with the laws of the State of
         New York, without regard to the conflict of law provisions therein and in this regard the parties
         agree to submit to the exclusive jurisdiction of the Federal and New York State courts located
         in Manhattan in the City of New York.

## Chris Danielian

| | |
|---|---|
| **From:** | Marcus Alexander <marcus.alexander@answers.com> |
| **Sent:** | Wednesday, November 19, 2014 8:39 AM |
| **To:** | Evan Spano |
| **Cc:** | Mike Timme; Chris Danielian; Mohammad Oza |
| **Subject:** | Re: Answers ISDA Schedule Template |

Thanks Evan. Let's proceed. PwC has indicated that they are available at 2pm tomorrow CST. Can you guys make that time?


**Marcus Alexander**
Vice President & Corporate Controller
marcus.alexander@answers.com

**p** +1 (314) 783-0835
**m** +1 (314) 695-1100

# Answers™
www.answers.com

On Tue, Nov 18, 2014 at 6:48 PM, Evan Spano <evan.spano@pmctreasury.com> wrote:

Marcus happy to discuss in detail what PMC can provide in terms of hedge accounting deliverables and auditor assistance. Just let us know what time works best for you. The hedge accounting fees are standard for all of our client engagements. The ongoing work of 1,500 per quarter unfortunately I cannot do anything. It seems like we will not have more than 3 counterparties so 1,500 for the ongoing should be the max. The memo is something I can move a little bit on for the relationship down to USD 7,500. If that is something we can work with then we'd be fine to start the process and discussions with you and your auditor.

Regards,

**Evan Spano**

PMC Treasury
T +1 212 624 0482
M +1 973 567 9113

evan.spano@pmctreasury.com

www.pmctreasury.com

**Subject:** Re: Answers ISDA Schedule Template

+ Mohammad



NEW YORK LONDON HONG KONG

**From:** Marcus Alexander
[mailto:marcus.alexander@answers.com]
**Sent:** Tuesday, November 18, 2014 6:31 PM
**To:** Evan Spano
**Cc:** Mike Timme; Chris Danielian; Mohammad Oza

Evan, lets re-visit this. I understand that we are close to entering into a hedge. Also, as I am sure you know, we selected a 2014 audit firm today (PwC). We are interested in using your back office support services but would like to see some movement on the price, either the upfront fee or quarterly fee. If we can resolve that, lets schedule a call to discuss what will be needed.


**Marcus Alexander**
Vice President & Corporate Controller
marcus.alexander@answers.com

**p** +1 (314) 783-0835
**m** +1 (314) 695-1100



www.answers.com

On Thu, Oct 30, 2014 at 4:44 PM, Evan Spano <evan.spano@pmctreasury.com> wrote:

Understood, we'd be happy to assist on the hedge accounting work for Answers.com. Effectively an engagement with us would provide you with the documents necessary (in final form) for the auditors and also include us being involved in ongoing hedge accounting discussions.

Briefly outlining our services, the preparation of the hedge designation memo, initial regression testing and initial journal entries (if any) will be $10,000 – this is a one-time charge. Ongoing quarterly regression testing, credit adjusted derivative valuation and journal entries will be $1500/quarter assuming that the number of counterparties is less than 4. If 4 hedge banks or more the fee scales up but not 1:1. This also gives you access to our 24/7 online valuation site.

Happy to discuss further if needed.

---

**Evan Spano**

PMC Treasury
T +1 212 624 0482
M +1 973 567 9113

evan.spano@pmctreasury.com

www.pmctreasury.com

Template



NEW YORK LONDON HONG KONG

**From:** Marcus Alexander
[mailto:marcus.alexander@answers.com]
**Sent:** Thursday, October 30, 2014 5:30 PM
**To:** Evan Spano
**Cc:** Mike Timme; Chris Danielian
**Subject:** Re: Answers ISDA Schedule

Thanks Evan. Answers has not performed hedge accounting in the past. Some of us have prior experience with hedge accounting and interest rate swaps, but understand that you are quite close to this particular agreement

and can offer the service. I think just listing your services would be fine. We are specifically looking for the concurrent documentation for this specific hedge in advance of the transaction. Feel free to call me with any specific questions.

**Marcus Alexander**
Vice President & Corporate Controller
marcus.alexander@answers.com

**p** +1 (314) 783-0835
**m** +1 (314) 695-1100



www.answers.com

On Thu, Oct 30, 2014 at 4:20 PM, Evan Spano <evan.spano@pmctreasury.com> wrote:

Hi Marcus good to meet you. Yes we do provide services to advise and deliver hedge accounting deliverables and analysis for our clients and their auditors. Has Answers performed hedge accounting in the past? Would you like to have a brief call to discuss or should I just list our services and when appropriate we can get on a call with you and your auditors?

Regards,

**Evan Spano**

PMC Treasury
T +1 212 624 0482
M +1 973 567 9113

evan.spano@pmctreasury.com

www.pmctreasury.com

Template

NEW YORK LONDON HONG KONG

**From:** Marcus Alexander
[mailto:marcus.alexander@answers.com]
**Sent:** Thursday, October 30, 2014 4:59 PM
**To:** Evan Spano
**Cc:** Mike Timme
**Subject:** Fwd: Answers ISDA Schedule

Hi Evan. We would like to qualify for hedge accounting on this transaction and understand you may be able to help with documentation. Please advise. Thanks!

**Marcus Alexander**
Vice President & Corporate Controller
marcus.alexander@answers.com

**p** +1 (314) 783-0835
**m** +1 (314) 695-1100

www.answers.com

---------- Forwarded message ----------
From: **Matt Derdeyn** <matt.derdeyn@answers.com>
Date: Thu, Oct 30, 2014 at 2:40 PM
Subject: Fwd: Answers ISDA Schedule Template
To: Marcus Alexander <marcus.alexander@answers.com>, Mike Timme <mike.timme@answers.com>

Attached is prelimianry documentation regarding our interest rate hedging program.

---------- Forwarded message ----------
From: **Cheng, Shimeng** <Shimeng.Cheng@stblaw.com>
Date: Wed, Oct 29, 2014 at 9:24 PM
Subject: Answers ISDA Schedule Template
To: "matt.derdeyn@answers.com" <matt.derdeyn@answers.com>, Evan Spano
<evan.spano@pmctreasury.com>, Chris Danielian <chris.danielian@pmctreasury.com>, Mohammad Oza
<mohammad.oza@pmctreasury.com>
Cc: "Xu, Joyce Y" <JXu@stblaw.com>, "Des Rault, Andrew" <Andrew.DesRault@stblaw.com>, "Steinhardt,
Brian M" <bsteinhardt@stblaw.com>

All,

Please find attached our draft of the ISDA Schedule Template.

Please confirm whether Answers will be hedging interest rate risk of only first lien facility or the second lien
facility as well (our understanding is that, notwithstanding which facilities are being hedged, all hedges will be
secured under the first lien credit facility).

Please let us know if you have comments or questions.

Best,

Shimeng

---

Shimeng Cheng
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017

Tel: (212) 455-2636

4

Fax: (212) 455-2502

Shimeng.Cheng@stblaw.com

_____

--

**Matt Derdeyn**
Chief Financial Officer
matt.derdeyn@answers.com

**p** +1 (314) 783-0840
**m** +1 (314) 420-6788



www.answers.com

This email communication (including any attachments) contains information from Answers Corporation or its affiliates that is confidential and may be privileged. The information contained herein is intended only for the use of the addressee(s) named above. If you are not the intended recipient (or the agent responsible to deliver it to the intended recipient), you are hereby notified that any dissemination, distribution, use, or copying of this communication is strictly prohibited. If you have received this email in error, please immediately reply to sender, delete the message and destroy all copies of it. If you have questions, please email legal@answers.com.

If you wish to unsubscribe to commercial emails from Answers and its affiliates, please go to the Answers Subscription Center http://campaigns.answers.com/subscriptions to opt out. Thank you.

This email communication (including any attachments) contains information from Answers Corporation or its affiliates that is confidential and may be privileged. The information contained herein is intended only for the use of the addressee(s) named above. If you are not the intended recipient (or the agent responsible to deliver it to the intended recipient), you are hereby notified that any dissemination, distribution, use, or copying of this communication is strictly prohibited. If you have received this email in error, please immediately reply to sender, delete the message and destroy all copies of it. If you have questions, please email legal@answers.com.

If you wish to unsubscribe to commercial emails from Answers and its affiliates, please go to the Answers Subscription Center http://campaigns.answers.com/subscriptions to opt out. Thank you.

This email communication (including any attachments) contains information from Answers Corporation or its affiliates that is confidential and may be privileged. The information contained herein is intended only for the

use of the addressee(s) named above. If you are not the intended recipient (or the agent responsible to deliver it to the intended recipient), you are hereby notified that any dissemination, distribution, use, or copying of this communication is strictly prohibited. If you have received this email in error, please immediately reply to sender, delete the message and destroy all copies of it. If you have questions, please email legal@answers.com.

If you wish to unsubscribe to commercial emails from Answers and its affiliates, please go to the Answers Subscription Center http://campaigns.answers.com/subscriptions to opt out. Thank you.

This email communication (including any attachments) contains information from Answers Corporation or its affiliates that is confidential and may be privileged. The information contained herein is intended only for the use of the addressee(s) named above. If you are not the intended recipient (or the agent responsible to deliver it to the intended recipient), you are hereby notified that any dissemination, distribution, use, or copying of this communication is strictly prohibited. If you have received this email in error, please immediately reply to sender, delete the message and destroy all copies of it. If you have questions, please email legal@answers.com.

If you wish to unsubscribe to commercial emails from Answers and its affiliates, please go to the Answers Subscription Center http://campaigns.answers.com/subscriptions to opt out. Thank you.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ANSWERS HOLDINGS, INC., *et al.*,[1] | ) | Case No. 17-10496 (SMB) |
|  | ) |  |
| Reorganized Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF WITHDRAWAL OF
## WASHINGTON DEPARTMENT OF REVENUE CLAIM

**PLEASE TAKE NOTICE** that the Washington Department of Revenue claim No. 3, attached hereto as **Exhibit A**, and filed on June 21, 2017 in the above captioned bankruptcy cases, Case No. 17-10497, for the amount of $8,100.00 is hereby withdrawn with prejudice. The Washington Department of Revenue hereby reserves all rights in connection with its tax claim, including its right to seek collection of its tax claim in the ordinary course.

New York, New York
Dated: July 13th, 2017

By: DOUG HOUGHTON
Title: REVENUE AGENT 4
Washington Department of Revenue

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:    Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771). The location of Reorganized Debtor Webcollage Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is:  11 Times Square, 11th Floor, New York, New York 10018.

## EXHIBIT A

**Withdrawn Claim**

Debtor: **Answers Corporation**

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

Case Number: 17-10497

FILED

Claim No. **3**

**June 21 2017**

By Rust | Omni Claims Agent
For U.S Bankruptcy Court
Southern District of New York

Official Form 410

# Proof of Claim                                                            12/15

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

Carefully read instructions included with this Proof of Claim before completing.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor
(the person or entity to be paid for this claim)    WA DEPARTMENT OF REVENUE

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes    From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

DOUG HOUGHTON
Name

2101 4TH AVE STE 1400

SEATTLE WA 98121-2300

Contact Phone    206-727-5338
Contact email    DOUGH@DOR.WA.GOV

Uniform claim identifier for electronic payments in chapter 13 (if you use one)
603453744

Where should payments to the creditor be sent? (if different)

Name

Contact Phone _____
Contact email _____

**4. Does this claim amend one already filed?**

☒ No
☐ Yes    Claim Number on court claims registry (if known) _____    Filed On _____
                                                                              MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes    Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
☒ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor:    2855

**7. How much is the claim?**    $ 8100.00

**Does this amount include interest or other charges?**

☒ No
☐ Yes    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

TAXES PRIORITY TAX CLAIM, 507(A)(8)

**9. Is all or part of the claim secured?**

☒ No
☐ Yes    The claim is secured by a lien on property

Nature of property:

☐ Real Estate  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*

☐ Motor Vehicle

☐ Other    Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

Value of Property:    $ _____
Amount of the claim that is secured:    $ _____
Amount of the claim that is unsecured:    $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7).

Amount necessary to cure any default as of the date of the petition:    $ _____

Annual Interest Rate:    (when case was filed) _____%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☒ No
☐ Yes    Amount necessary to cure any default as of the date of the petition.    $ _____

**11. Is this claim subject to a right of setoff?**

☒ No
☐ Yes    Identify the property: _____

**12. Is this claim for the value of goods received by the debtor 20 days before the commencement date of this case (11 U.S.C. §503(b)(9)).?**

☒ No
☐ Yes    Amount of 503(b)(9) Claim:  $ _____

| 13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | | Amount entitled to priority |
|---|---|---|
| | ☐ No | |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ Yes    *Check all that apply* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☒ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 8100.00 |
| | ☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it.    FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    06/21/2017
                    MM / DD / YYYY

DOUG HOUGHTON

   Signature

**Print the name of the person who is completing and signing this claim:**

Name        DOUG HOUGHTON

Title       REVENUE AGENT 4

Company     WA DEPARTMENT OF REVENUE
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     2101 4TH AVE STE 1400
            SEATTLE WA   98121-2300

Contact Phone   206-727-5338        Email    DOUGH@DOR.WA.GOV

Proof of Claim for
Washington State, Department of Revenue

**In the Matter of:   ANSWERS CORPORATION DBA ANSWERSCOM CORP**

Case Number:

**17-10497-SMB**

---

This claim is based on available data and does not waive any rights to set off, to recoupment, or to counterclaim against any debts owed to this debtor by this or any other state agency.

Secured debt to the extent of collateral.  Priorty tax if not secured.

Total Amount of Secured Claims

*Tax Warrants were filed in _____ County Superior Court on_____
under case
number_____
These Warrants create a lien on assets of the Debtor pursuant to RCW 82.32.210.

---

**Unsecured Priority Claims** under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Warrant Number | Kind of Tax | Tax Period | Tax Due | Interest & Penalties |
|---|---|---|---|---|---|
| 603 453 744 | To be issued | Sales & Business Tax | 1/1/17 to 3/3/17 | $8,100.00 | $0.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | Total | $8,100.00 | $0.00 |

Total Amount of Unsecured Priority Claims:  $8,100.00

---

**Unsecured General Claims**

Penalty to date of petition on unsecured priority claims (including interest thereon)..........................................................   $0.00

Total Amount of Unsecured General Claims:   $0.00

James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.
Christopher T. Greco
Anthony R. Grossi
John T. Weber
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Melissa N. Koss
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
555 California Street
San Francisco, California 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ANSWERS HOLDINGS, INC., *et al.*,[1] | ) Case No. 17-10496 (SMB) |
| | ) |
| Reorganized Debtors. | ) (Jointly Administered) |
| | ) |

## NOTICE OF WITHDRAWAL OF SOFTCHOICE CORPORATION CLAIM

**PLEASE TAKE NOTICE** that Softchoice Corporation's claim no. 1, attached hereto as **Exhibit A**, and filed on April 18, 2017 in the above captioned bankruptcy cases, Case No. 17-10497, for the amount of $23,235.97 is hereby withdrawn with prejudice. The claim has been satisfied in full.

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:    Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771).    The location of Reorganized Debtor Webcollage Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is:    11 Times Square, 11th Floor, New York, New York 10018.

New York, New York
Dated: July 4, 2017

By: Tom Iandoli
Title: Credit Supervisor
Softchoice Corporation

## EXHIBIT A

**Withdrawn Claim**

**FILED**

Claim No. **1**

**April 18 2017**

By Rust | Omni Claims Agent
For U.S Bankruptcy Court
Southern District of New York

| | |
|---|---|
| Debtor: **Answers Corporation** | |
| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | |
| Case Number:  17-10497 | |

Official Form 410

# Proof of Claim

12/15

**Read the instructions before filling out this form.  This form is for making a claim for payment in a bankruptcy case.  Do not use this form to make a request for payment of an administrative expense.  Make such a request according to 11 U.S.C.  § 503.**

**Filers must leave out or redact**  information that is entitled to privacy on this form or on any attached documents.  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.  **Do not send original documents;** they may be destroyed after scanning.  If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy (Form 309) that you received.**

Carefully read instructions included with this Proof of Claim before completing.

| Part 1: | Identify the Claim |
|---|---|

**1.  Who is the current creditor?**

Name of the current creditor
(the person or entity to be paid for this claim)    SOFTCHOICE CORPORATION

Other names the creditor used with the debtor    SOFTCHOICE

**2.  Has this claim been acquired from someone else?**

☒ No
☐ Yes    From whom? _____

**3.  Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

SOFTCHOICE
Name

173 DUFFERIN STREET

TORONTO, ONTARIO, M6K 3H7

Contact Phone    416-588-9002
Contact email    TOM.IANDOLI@SOFTCHOICE.COM

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

_____

Where should payments to the creditor be sent? (if different)

Name

Contact Phone _____
Contact email _____

**4.  Does this claim amend one already filed?**

☒ No
☐ Yes    Claim Number on court claims registry (if known) _____    Filed On _____
                                                                                                                MM / DD / YYYY

**5.  Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes    Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
☒ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor:    7851

**7. How much is the claim?**    $ 23235.97

**Does this amount include interest or other charges?**

☐ No
☒ Yes    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

GOODS SOLD

**9. Is all or part of the claim secured?**

☒ No
☐ Yes    The claim is secured by a lien on property

**Nature of property:**

☐ Real Estate    If the claim is secured by the debtor's principal residence, file a   *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this   *Proof of Claim*
☐ Motor Vehicle
☐ Other    Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

**Value of Property:**    $ _____

**Amount of the claim that is secured:**    $ _____

**Amount of the claim that is unsecured:**    $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7).

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate:**    (when case was filed) _____ %

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☒ No
☐ Yes    **Amount necessary to cure any default as of the date of the petition.**    $ _____

**11. Is this claim subject to a right of setoff?**

☒ No
☐ Yes    Identify the property: _____

**12. Is this claim for the value of goods received by the debtor 20 days before the commencement date of this case (11 U.S.C. §503(b)(9)).?**

☒ No
☐ Yes    Amount of 503(b)(9) Claim:    $ _____

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No
☐ Yes    *Check all that apply*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$ _____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it.    FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    04/18/2017
_____
MM / DD / YYYY

TOM IANDOLI
_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name        TOM IANDOLI
_____

Title        CREDIT SUPERVISOR
_____

Company      SOFTCHOICE
_____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address      173 DUFFERIN STREET
             TORONTO, ONTARIO, M6K 3H7
_____

Contact Phone    416-588-9002          Email    TOM.IANDOLI@SOFTCHOICE.COM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
NEW YORK DIVISION


IN RE:        RSR ACQUISITION, LLC                          Chapter 11
                                                            Case Number: 17-10506


**WITHDRAWAL OF PROOF OF CLAIM**


      Creditor, T Mobile/T-Mobile USA Inc by American InfoSource LP as agent, hereby withdraws its Proof of Claim, filed on 03/16/2017, marked as claim number 2 on the court's claims register, for the account number ending in 4586, and in the amount of $597.60.


Dated: 07/26/2017


                                  /s/ Amanda Matchett

                                  T Mobile/T-Mobile USA Inc by American
                                  InfoSource LP as agent
                                  4515 N Santa Fe Ave
                                  Oklahoma City, OK  73118


Reference Number: 5836871Withdraw


4586

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
NEW YORK DIVISION


IN RE:        RSR ACQUISITION, LLC                          Chapter 11
                                                           Case Number: 17-10506


**WITHDRAWAL OF PROOF OF CLAIM**


     Creditor, T Mobile/T-Mobile USA Inc by American InfoSource LP as agent, hereby withdraws its Proof of Claim, filed on 03/16/2017, marked as claim number 1 on the court's claims register, for the account number ending in 0924, and in the amount of $1,755.99.



Dated: 07/26/2017


                                      /s/ Amanda Matchett


                                      T Mobile/T-Mobile USA Inc by American
                                      InfoSource LP as agent
                                      4515 N Santa Fe Ave
                                      Oklahoma City, OK  73118



Reference Number: 5836870Withdraw

0924

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ANSWERS HOLDINGS, INC., *et al.*,[1] | ) Case No. 17-10496 (SMB) |
| | ) |
| Reorganized Debtors. | ) (Jointly Administered) |
| | ) |

## NOTICE OF WITHDRAWAL OF UTAH COUNTY ASSESSOR'S PROOF OF CLAIM

PLEASE TAKE NOTICE that Utah County Assessor's claim No. 9, attached hereto as **Exhibit A**, and filed on July 10, 2017 in the above captioned bankruptcy cases, Case No. 17-10496, for the amount of $10,569.55 is hereby withdrawn with prejudice.  Utah County Assessor hereby reserves all rights in connection with its tax claim, including its right to seek collection of its tax claim in the ordinary course.

Dated:  August 7, 2017

By: Paul Jones
Title: Deputy County Attorney, Utah County
Utah County Assessor

---

[1]   The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include:  Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771).  The location of Reorganized Debtor Webcollage Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is:  11 Times Square, 11th Floor, New York, New York 10018.

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT       DISTRICT OF UTAH | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: **Answers Corporation** | Case Number: 17-10496 | **FILED** JUL 10 2017 By Rust / Omni, Claims Agent For U.S. Bankruptcy Court Southern District of New York |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): Utah County Assessor | |
|---|---|
| Name and address where notices should be sent: Paul Jones, Deputy County Attorney 100 East Center, Suite 2400 Provo, UT 84606 | □ Check this box if this claim amends a previously filed claim. **Court Claim Number:** _____ *(If known)* |
| Telephone number: (801) 851-8001        email: pauljo@utahcounty.gov | Filed on: _____ |
| Name and address where payment should be sent (if different from above): Telephone number:        email: | □ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**        $ _____ 10,569.55 _____ plus interest at 7.5% from date of petition _____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

⊠ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____ **Personal Property Taxes** _____
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** 81164 | **3a. Debtor may have scheduled account as:** _____ (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** _____ (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** □ Real Estate □ Motor Vehicle □ Other
**Describe:**

**Value of Property:** $ _____

**Annual Interest Rate** __7.5__ % ⊠ Fixed  or  □ Variable
**(when case was filed)**

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

**Basis for perfection:** _____

**Amount of Secured Claim:** $ _____

**Amount Unsecured:** $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

□ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

□ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the Debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

□ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

□ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

⊠ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

□ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$ __10,569.55__

*Amounts are subject to adjustment on 4 1 13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

496- 9

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments mortgages, and security agreements.  If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of **redacted**.)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☒ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, endorser, or other codebtor.
(Attach copy of power of attorney, if any.)    Or their authorized agent.    (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:    Paul Jones
Title:        Deputy County Attorney
Company:      Utah County                              /S/ Paul Jones                                07/5/2017
Address and telephone number (if different from notice address above):    (Signature)                        (Date)

Telephone number:              Email:

L:\KENTW\BANKRUPTCY\Proof of Claim master.wpd

# UTAH COUNTY
## PERSONAL PROPERTY SYSTEM

Print Date:  6/16/2017 09:52:48

Account Confirmation and Balance Due

Tax Year 2017

**Utah County**
HEART OF UTAH

| Account No: | 81164 | Business Name: | **ANSWERS CORPORATION** |
|---|---|---|---|
| Tax Year: | 2017 | Mailing Address: | 6665 DELMAR BLVD STE 3000 SAINT LOUIS, MO 63130 |
| Tax Dist: | 80 | Business Address: | 357 S 670 WEST STE 100 LINDON, UT 84042 |

| Year | | Total Taxes | Adjustmts | Net Taxes | Pen | Fee | Interest | Pmnts | Balance Due |
|---|---|---|---|---|---|---|---|---|---|
| 2017 | E | 9,608.68 | 0.00 | 9,608.68 | 960.87 | 0.00 | 0.00 | 0.00 | 10,569.55 |
| 2016 | | 11,424.49 | 0.00 | 11,424.49 | 0.00 | 0.00 | 0.00 | 11,424.49 | 0.00 |
| 2015 | | 4,475.08 | 0.00 | 4,475.08 | 0.00 | 0.00 | 0.00 | 4,475.08 | 0.00 |
| 2014 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 2013 | E | 10,455.28 | 0.00 | 10,455.28 | 0.00 | 0.00 | 0.00 | 11,500.81 | 0.00 |
| 2012 | | 13,434.60 | 0.00 | 13,434.60 | 0.00 | 0.00 | 0.00 | 13,434.60 | 0.00 |
| 2011 | | 7,156.05 | 0.00 | 7,156.05 | 0.00 | 0.00 | 0.00 | 7,156.05 | 0.00 |
| 2010 | | 5,647.14 | 0.00 | 5,647.14 | 0.00 | 0.00 | 0.00 | 5,647.14 | 0.00 |

**Total Amount Due:  10,569.55**

For questions regarding MARKET VALUE or ACCOUNT INFORMATION, please contact the County Assessor's Office at (801)851-8295.  For questions regarding CURRENT or PAST DUE TAXES or PAY OFF INFORMATION, please contact the County Treasurer at (801)851-8259.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ANSWERS HOLDINGS, INC., *et al.*,[1] | Case No. 17-10496 (SMB) |
| Reorganized Debtors. | (Jointly Administered) |

## NOTICE OF WITHDRAWAL OF FEDEX
## CORPORATE SERVICES INC.'S PROOF OF CLAIM

PLEASE TAKE NOTICE that FedEx Corporate Services Inc.'s Proof of Claim, filed April 27, 2017 against Debtor Answers Corporation, attached hereto as **Exhibit A**, in the above captioned bankruptcy cases, Case No. 17-10496, for the amount of $1,929.52 is hereby withdrawn with prejudice. FedEx Corporate Services Inc. hereby reserves all rights in connection with its claim, including its right to seek collection of its claim in the ordinary course.

New York, New York
Dated: August [*10*], 2017

By: *Valarie Eason*
Title: *Medical Support Agent*
FedEx Corporate Services Inc.

---

[1]  The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Answers Holdings, Inc. (4504); Answers Corporation (2855); Easy2 Technologies, Inc. (2839); ForeSee Results, Inc. (3125); ForeSee Session Replay, Inc. (2593); More Corn, LLC (6193); Multiply Media, LLC (8974); Redcan, LLC (7344); RSR Acquisition, LLC (2256); Upbolt, LLC (2839); and Webcollage Inc. (7771). The location of Reorganized Debtor Webcollage Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is: 11 Times Square, 11th Floor, New York, New York 10018.

| Fill in this information to identify the case. | | | |
|---|---|---|---|
| Debtor 1 | Answers Corporation | | |
| Debtor 2 (Spouse, if filing) | | | |
| United States Bankruptcy Court for the: | Southern | District of | New York (State) |
| Case number | 17-10497 | | |

RECEIVED

MAY – 1 2017

## Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out the form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. 503.**

Filers must leave out or redact information that is entitled to privacy on this form or any attached documents. Attach redact copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim: |
|---|---|

**1. Who is the current creditor?**

FedEx Corporate Services Inc.
Name of the current creditor (the person or entity to be paid for the claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

FedEx Corporate Services Inc. as Assignee
of FedEx Express/Ground/Freight/Office
Name

3965 Airways Blvd,  Module G, 3rd Floor
Number      Street

Memphis          TN          38116-5017
City          State          ZIP Code

Contact phone     855-552-5393 X 471-4000

Contact email     Bankruptcy@FedEx.Com

Where should payments to the creditor be sent? (if different)

Name

Number      Street

City          State          ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☐ No
☐ Yes, Claim number on court claims registry (if known) _____     Filed on _____
MM   / DD   / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing?

Form 410                                          Proof of Claim                                          497 page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 7386 ___ ___ ___

---

**7. How much is the claim?**

$1,929.52

Does this amount include interest or other charges

☒ No

☐ Yes.    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Services

---

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

**Amount of the claim that is secured:** $ _____

**Amount of the claim that is unsecure** $ _____     (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable.

---

**10. Is this claim based on a lease?**

☒ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.     $ _____

---

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

---

Form 410                    Proof of Claim                    page 2

| | | Amount entitled to priority |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes. *Check all that apply.* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. 507(a)(__) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign below**

**The person completing the proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    4-24-17
                    MM / DD / YYYY

*Melissa Fitzgerald*
Signature

Print the name of the person who is completing and signing this claim:

| Name | **or** | Melissa<br>First name | K.<br>Michael<br>Middle name | D.<br>Fitzgerald<br>Last name | Gahagan |
|---|---|---|---|---|---|

Title        Sr. Performance and Planning Analyst

Company      FedEx Corporate Services Inc.
             Identify the corporate servicer as the company if the authorized agent is a servicer.

Address      3965 Airways Blvd, Module G, 3rd Floor
             Number    Street

             Memphis                    TN              38116-5017
             City                       State           Zip Code

Contact phone    855-552-5393 X 471-4000    Email    Bankruptcy@FedEx.Com



# Bankruptcy Information System
## Statement of Account

| | | | |
|---|---|---|---|
| **Case #** | 17-10497 | | |
| **Name** | Answers Corporation | | |
| **Filing St** | New York | **FilingDist** | Southern |
| **Filing Date** | 03/03/2017 | **Chapter** | 11 |

| Account # | Invoice # | Invoice Date | Invoice Amount |
|---|---|---|---|
| 249079286 | 567840824 | 01/18/2017 | $29.40 |
| 249079286 | 569393898 | 02/01/2017 | $94.34 |
| 249079286 | 570039159 | 02/08/2017 | $245.11 |
| **249079286** | | | **$368.85** |
| | | | |
| 477597386 | 153392021 | 02/10/2017 | $139.23 |
| 477597386 | 153862337 | 02/24/2017 | $207.41 |
| 477597386 | 154098563 | 03/03/2017 | $73.00 |
| 477597386 | 154338549 | 03/10/2017 | $108.95 |
| 477597386 | 568808565 | 01/26/2017 | $28.78 |
| 477597386 | 569456822 | 02/02/2017 | $91.10 |
| 477597386 | 569456823 | 02/02/2017 | $14.49 |
| 477597386 | 570205042 | 02/09/2017 | $34.87 |
| 477597386 | 570205043 | 02/09/2017 | $16.10 |
| 477597386 | 570980477 | 02/16/2017 | $64.47 |
| 477597386 | 571758922 | 02/23/2017 | $70.59 |
| 477597386 | 572445222 | 03/02/2017 | $429.40 |
| 477597386 | 572445223 | 03/02/2017 | $64.70 |
| 477597386 | 573206285 | 03/09/2017 | $116.70 |
| 477597386 | 573206286 | 03/09/2017 | $100.88 |
| **477597386** | | | **$1,560.67** |

| **Grand Total:** | | | **$1,929.52** |
|---|---|---|---|



Monday, March 13, 2017

Alexander Hamilton Custom House
One Bowling Green, Room 615-3
New York NY 10004

**Ref:**    Answers Corporation                              **Case #:**  17-10497

To Whom It May Concern

Please file the attached Proof of Claim on behalf of FedEx Corporate Services Inc. and return a copy to
me as the proof of the filing.

Thank you for your cooperation in this matter

Sincerely,

*Melissa Fitzgerald*

Sr Perf & Plan Analyst

Tel: 1-855-552-5393 ext 4714000
Fax: 901-397-2016

Attachment(s):
cc: file

RECEIVED
MAY - 1 2017

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW YORK**

**Chapter 11**

**In re:  Answers Holdings Inc**

**Case Number: 17-10496 SMB**

**Claim Number: 10 for $560.00**

**DEBTOR**

**<u>WITHDRAWAL OF NOTICE BY COMMISSIONER OF MASSACHUSETTS</u>**
**<u>DEPARTMENT OF REVENUE PROOF OF CLAIM</u>**

Please take notice that based upon further information provided by the debtor,

Michael J. Heffernan, as he is Commissioner of Revenue for the Commonwealth of

Massachusetts (hereinafter, "MDOR"), by and through his undersigned agent and attorney-in-fact,

hereby withdraws the *Proof of Claim By the Commissioner Of Massachusetts*

*Department of Revenue.*

**MICHAEL J. HEFFERNAN**
**COMMISSIONER**
**MASSACHUSETTS DEPARTMENT OF REVENUE**

**By his duly authorized agent,**

**/s/ Kendra Ye**
**Massachusetts Department of Revenue**
**Bankruptcy Unit - Collections Bureau**
**100 Cambridge Street, P.O. Box 9564**
**Boston, MA 02114-9564**
**(617) 626-3875**



**MASSACHUSETTS DEPARTMENT OF REVENUE
COLLECTIONS BUREAU - BANKRUPTCY UNIT**

**100 CAMBRIDGE STREET - 7th FLOOR, BOSTON
PO BOX 9564, BOSTON, MA 02114-9564
Phone: (617) 626-3875     Fax: (617) 626-3796**

Michael J. Heffernan
Commissioner

In re:   Answers Holdings Inc                                  **Chapter 11
                                                                Case Number: 17-10496
                                                                SMB**

## <u>CERTIFICATE OF SERVICE</u>

I, Kendra Ye, hereby certify that I have served the attached Commissioner of the

Massachusetts Department of Revenue's Withdrawal of Proof of Claim By Commissioner Of

Massachusetts Department of Revenue, by first class mail, postage prepaid, upon parties or persons

appearing on the accompanying SERVICE LIST attached hereto who were not listed as being

served electronically upon.


Christopher T. Greco
601 Lexington Avenue
New York, NY 10022-4611


Chapter 11 Trustee
201 Varick St, Unit 1006
New York, NY 10014


/s/ Kendra Ye
Massachusetts Department of Revenue
08/09/2017

# Southern District of New York

## Withdrawal of Claim

| | |
|---|---|
| Debtor Name and Case Number: | **Answers Holdings, Inc. / 17-10496** |
| Creditor Name and Address: | **US Bank NA dba US Bank Equipment Finance, 1310 Madrid Street, Marshall, MN  56258** |
| Court Claim Number (if known): | **7** |
| Date Claim Filed: | **May 4, 2017** |
| Total Amount of Claim Filed: | **$6,105.89** |

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor.  I hereby withdraw the above-referenced claim and authorize the Clerk of this Court, or their duly appointed Claims Agent, to reflect this withdrawal on the official claims register for the above-referenced Debtor.

Dated: _8/10/17_

Print Name:  Jeffrey Lothert

Title (if applicable): Bankruptcy Specialist

**NEW YORK STATE** | **Department of Taxation and Finance**

BANKRUPTCY UNIT

August 08, 2017

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
ANSWERS CORPORATION
c/o RUST CONSULTING / OMNI BANKRUPTCY
5955 DE SOTO AVENUE,  SUITE 100
WOODLAND HILLS,  CA  91367

Re:   Claim withdrawal for ANSWERS CORPORATION
      Docket #:  17-10497  SMB     LEAD DOCKET #17-10496

Dear Sir/Madam:

New York State Department of Taxation and Finance is withdrawing the Original Pre Petition proof of claim #5 in the amount of $4,165.79 with a statement date of 07/10/2017.  There is no surviving Pre Petition period proof of claim for docket #17-10497.

If you have any questions, please contact me at (518) 457-3160.

Sincerely,

Roger Rue
Tax Compliance Representative I

**<u>Exhibit C</u>**

**Closing Report**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE:
Answers Holdings, Inc.; Answers
Corporation; Easy2 Technologies, Inc.;
ForeSee Results, Inc.; ForeSee Session
Replay, Inc.; More Corn, LLC; Multiply        Case No.  17-10496
Media, LLC; Redcan, LLC; RSR
Acquisition, LLC; Upbolt, LLC;                Chapter 11
Webcollage Inc.
DEBTOR.

### CLOSING REPORT IN CHAPTER 11 CASE

To the best of my knowledge and belief, the following is a breakdown in this case:

FEES AND EXPENSES (from case inception):

  5,857,229 FEE for ATTORNEY for DEBTOR

 23,933,140 OTHER PROFESSIONAL FEES and ALL EXPENSES

_____

  127,425 TRUSTEE FEE (if applicable)[1]

  N/A FEE for ATTORNEY for TRUSTEE (if applicable)

_____

  N/A % DIVIDEND PAID/TO BE PAID

  N/A FUTURE DIVIDENDS (check if % of future dividend under plan not yet
          able to be determined)

_____

  N/A INITIAL DISTRIBUTION UNDER THE PLAN COMPLETED

  3,096,338 OTHER: (Other Effective Date payments included pre-petition AP, claim
          settlements and other reorganization disbursements)

_____

DATE:  08/03/17                          APPLICANT: Brian Mulligan
                                         BY

_____

[1] Trustee Fee includes estimated payment of $33,800 for July disbursements